IN RE ESTATE OF TRENT.

(No. 5068—Decided October 8, 1954.)

*Messrs. Lopper & Martin* and *Mr. Robert E. Albright*, for appellant.

*Mr. William H. Brooks* and *Mr. Ray E. Hughes*, for appellee.

WISEMAN, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Franklin County, dismissing exceptions filed to an executor's account.

The exceptor alleged that the executor failed to charge himself with all the assets of the estate, namely, three mortgages on real estate, describing the property. In an amended application for determination of inheritance tax, the executor in his schedule requiring a listing of property transferred during the lifetime of the decedent listed these three mortgages as having been transferred to him as a gift. When this matter came on for hearing counsel for the exceptor stated that the executor claimed that the mortgages were given to him during the lifetime of decedent. It is conceded that the question for determination was the validity of the gift and the transfer during the lifetime of the decedent.

All four assignments of error relate to one legal question: Whether the Probate Court erred in dismissing the exceptions as not being the appropriate

procedure to obtain the relief sought. The Probate Court held that the executor, on exceptions to an accounting, is not compelled to account for property, the title and possession of which passed out of the decedent during his lifetime. Counsel for the exceptor cite the case of *In Matter of Sebastian Raab's Estate,* 16 Ohio St., 273, which is distinguishable on the facts. In that case the administrator was indebted to the estate and the debt became money in the hands of the administrator by force of the provisions of the statute. Under Section 10509-67, General Code, now Section 2115.12, Revised Code, when the executor owes a debt to the estate such debt is regarded as "so much money in his hands." In commenting on the effect of this statute the court, in *James* v. *West, Admr.,* 67 Ohio St., 28, at page 45, 65 N. E., 156, said:

"The rule is so far unsatisfactory that it should not be extended, but should be confined to cases in which the administrator owes the debt individually and unconditionally."

In the case at bar the executor claims ownership of the mortgages in question.

In the case of *Raab's Estate, supra,* the court, on page 284, said:

"The Probate Judge was both empowered and required to determine the questions thereby submitted, or *to require their determination in one of the methods authorized by law.*" (Emphasis ours.)

In the instant case the Probate Court held that the exceptor did not properly invoke the jurisdiction of the court, and in dismissing the exceptions suggested that the exceptor use one of the methods authorized by law, to wit, the procedure outlined in Section 10506-67, General Code, now Section 2109.50, Revised Code. In view of the fact that the executor claims ownership of the mortgages, a civil action may be the better remedy.

In dismissing the exceptions the Probate Court did not commit prejudicial error.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.