The STATE of Ohio, Appellee,

v.

GALAN, Appellant.

[Cite as *State v. Galan* (1990), 67 Ohio App.3d 68.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56719.

Decided March 26, 1990.

*John T. Corrigan,* Prosecuting Attorney, for appellee.

*Koblentz & Koblentz* and *Richard S. Koblentz,* for appellant.

NAHRA, Presiding Judge.

Gregory J. Galan appeals his conviction of grand theft (R.C. 2913.02). He contends the court erred (1) in failing to conduct an evidentiary hearing concerning the five-year preindictment delay, (2) in permitting "other acts" testimony, and (3) in permitting and then striking testimony regarding a Lake County Bar Association disciplinary action against him. For the following reasons, we affirm the judgment below.

On October 14, 1983, Katherine and John Kochis gave appellant a check for $40,400 in exchange for a cognovit promissory note due and payable in one year at twelve and one-half percent interest. The Kochises believed their money was being pooled with other people's money into one jumbo investment in order to receive a higher interest rate of thirteen and one-half percent. Appellant was to receive one percent as commission. Appellant, an attorney, also prepared wills and an entireties deed for the Kochises. Louise Horvath, a friend of and tax preparer for the Kochises, recommended appellant.

When the term of the note expired, the Kochises attempted to collect their money.  Appellant stalled but kept assuring the Kochises they would get their money.  In early 1986, the Kochises retained another attorney who obtained a cognovit judgment against appellant.  At the debtor's examination on the judgment, appellant testified he used about $30,000 of the Kochises' money to pay overdue payroll taxes.  On the advice of his new attorney, Mr. Kochis went to the police.

Appellant was indicted on September 1, 1988.  At trial, the Kochises testified to the above facts and said they never considered the transaction to be a loan.  The Kochises' new attorney substantiated their testimony, but did testify on direct and recross-examination that the giving of a promissory note usually reflected a loan transaction rather than an investment.

Dennis Bell, a music teacher who met appellant through the church choir, gave appellant $80,000 in April to July 1983 in exchange for two promissory notes due in one year.  These notes were combined in 1984 into one five-year note.  Appellant told Bell he was pooling money to invest in a jumbo certificate of deposit that could earn twelve and one-half percent interest, which was three percent more than what his money was then earning.  Bell testified the money was not a loan to appellant.  In the course of litigation filed in Lake County and eventually dismissed, Bell learned appellant used his money to help pay personal debts.

Louise Horvath testified she gave appellant $10,000 on December 21, 1982, because he told her he could get a higher rate of interest for her by pooling her money with others' money.  She testified she had difficulty getting her "investment" returned and was not fully paid until March 1, 1985.

Appellant presented no witnesses on his behalf.

The jury found appellant guilty and the court sentenced appellant to two years' imprisonment.  Appellant timely appealed.

I

Appellant's first assigned error is that:

"The trial court erred in overruling defendant's motion to dismiss for violation of defendant's right to due process, without conducting an evidentiary hearing on the motion."

Appellant contends the court erred in failing to take evidence on the actual prejudice suffered due to the lengthy preindictment delay.  Counsel presented his argument on the motion which included the statement that "in order to defend himself properly, the defendant needs—or would need certain financial records, which records no longer exist."  At no time did counsel

attempt to present testimony or other evidentiary material to the court in support of his motion or, more important in this case, attempt to specify what documents no longer existed and how appellant was prejudiced by their absence. The court overruled appellant's motion, finding no actual prejudice. Defense counsel then proffered his argument on the motion. Under these circumstances, we cannot say the court erred in failing to take evidence when counsel never attempted to produce any evidence. Even if the court erred in failing to hear evidence, this court cannot determine based on counsel's argument whether appellant was prejudiced since counsel failed to proffer what evidence would have been presented. See Evid.R. 103(A). Accordingly, this assignment of error is overruled.

## II

Appellant's second assigned error is that:

"The trial court erred in permitting the testimony of Dennis Bell and Louise Horvath."

Appellant argues it was prejudicial error for the court over objection of counsel to permit the testimony of Dennis Bell and Louise Horvath regarding their financial transactions with appellant.

Evidence of other acts is not admissible to show a defendant's propensity or inclination to commit an offense. Evid.R. 404(B); *State v. Curry* (1975), 43 Ohio St.2d 66, 72 O.O.2d 37, 330 N.E.2d 720; *State v. Matthews* (1984), 14 Ohio App.3d 440, 14 OBR 559, 471 N.E.2d 849. Other acts evidence is relevant and therefore admissible if it tends to show other purposes, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B); *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph one of the syllabus. The evidence about other financial transactions tended to show appellant proposed such transactions under the pretense of investments rather than as loans to obtain the victims' money. It rebutted the theory of appellant's case regarding his intent when dealing with the Kochises. The highly probative value of this evidence was not substantially outweighed by the possibility of unfair prejudice and was therefore properly admitted. Accordingly, this assignment of error is overruled.

## III

Appellant's last assigned error is that:

"The trial court erred in permitting the testimony of Ralph Greene."

■ Ralph Greene, chairman of the Lake County Bar Association committee which investigates attorney misconduct, was permitted to testify over the objection of defense counsel as to his position, the nature of the grievance committee and procedures used when a complaint was filed against an attorney, and that such disciplinary action had been initiated against appellant. At the conclusion of Greene's direct examination, upon motion of defense counsel, the court ordered Greene's testimony stricken and instructed the jury to disregard it. Appellant contends it was error to permit the testimony and that such error was not cured by the court's instruction to disregard. We agree with appellant that Greene's testimony was irrelevant and should not have been permitted. However, after reviewing the record as a whole, but omitting Greene's testimony, we conclude there is substantial evidence to support the jury's verdict and therefore find the admission of Greene's testimony harmless error, see Crim.R. 52(A); *State v. Davis* (1975), 44 Ohio App.2d 335, 73 O.O.2d 395, 338 N.E.2d 793, whether or not the error was cured by the court's instruction. Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON and PRYATEL, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.