## In re GUARDIANSHIP OF MAURER.

[Cite as *In re Guardianship of Maurer* (1995), 108 Ohio App.3d 354.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–94–070.

Decided Dec. 22, 1995.

*Michael Maurer,* for appellant.

*James Granecki,* for appellee.

*Per Curiam.*

This case is on appeal from the June 6 and June 20, 1994 judgments of the Wood County Court of Common Pleas, which overruled the exceptions to the inventory filed by James A. Maurer, appellant. On appeal, appellant asserts the following assignments of error:

"I. The trial court erred as a matter of law in determining that it did not have jurisdiction to hear exceptions to the guardian's amended inventory.

"II. The trial court erred as a matter of law and further abused its discretion in overruling exceptions to the inventory without taking evidence, and further by failing to follow the court's usual procedures and prior orders relating to case management.

"III. The trial court erred as a matter of law and further abused its discretion by following the direction of the prior court made in an order recusing itself and further by hindering the representation of exceptor."

This case involves a guardianship of Earl L. Maurer, which was instituted on April 27, 1992. More specifically, it involves exceptions to the guardian's inventory filed by appellant, the son and guardian of the person of Earl L. Maurer. The inventory was prepared by Gerald Kobil, Esq., as guardian of the estate of Earl L. Maurer.

Appellant's exceptions to the inventory involved five assets. Two of the assets were listed in the inventory: the value of a land contract between appellant and the ward and an account receivable representing monies appellant was paid or took from the ward's accounts during the period of April 1990 through December 1991, prior to the institution of the guardianship. The other assets are three alleged assets which were not listed in the inventory: a reserved right to vote stock in Haines City Mobile Home Park & Sales, Inc. (a corporation formerly owned by the ward and now owned and/or managed by the children of the ward); past-due payments from the corporation on a note obligation (the note was included in the inventory); and the ward's weekly "retirement" salary of $400 which was paid by the corporation until 1993.

Following the hearing, the court held that the voting right of the ward in the stock of Haines City Mobile Home Park & Sales, Inc. is an asset and should be included in the guardian's inventory. The court did not determine whether it was a valid right and who would exercise it on behalf of the ward. Furthermore, the court overruled appellant's exceptions regarding the account receivable from appellant, the balance due on the land installment contract, and the balance due from the corporation on the note obligation due the ward.

The guardian filed a second amended inventory on May 31, 1994. Although the inventory was filed prior to the court's June 6, 1994 order, it incorporates the changes ordered by the court.

On June 20, 1994, following appellant's request for findings of fact, the court held that except for the issue of the voting rights, it lacked jurisdiction to determine the questions set forth in the other exceptions which were in the form of a request for an accounting of a foreign corporation by that corporation's officers and/or shareholders.

Appellant appeals from both the June 6 and the June 20, 1994 orders.

■ We note first that the June 20, 1994 judgment of the Wood County Court of Common Pleas is a nullity. Once an appealable or final judgment in a case has been journalized, it cannot be modified by that court except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment). See Civ.R. 54(A) and *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1107. Therefore, we will review only the June 6, 1994 judgment of the lower court.

In his first assignment of error, appellant argues that the trial court erred when it determined that it did not have subject matter jurisdiction regarding some of the alleged assets of the ward. This assignment of error relates solely to

the June 20, 1994 judgment. Since that judgment is a nullity, this assignment of error is rendered moot and, therefore, not well taken.

In his second assignment of error, appellant argues that the trial court erred as a matter of law and abused its discretion when it overruled his exceptions to the inventory because it (1) failed to adhere to the court's orders regarding discovery, filing of briefs, and presentation of arguments; (2) failed to hold an evidentiary hearing on the exceptions to the inventory; and (3) failed to require evidence to support the inventory. Appellant also asserts three additional grounds for finding that the court erred when it overruled appellant's exception to the account receivable asset.

Initially, the court issued an order finding that an evidentiary hearing would be needed regarding the exceptions to the inventory. The hearing date was rescheduled so that additional discovery could be completed. At the scheduled hearing, the parties and judge discussed various problems that had occurred with the discovery process, and the court implicitly indicated that the evidentiary hearing would be rescheduled later, after discovery was completed. However, after a later hearing on an unrelated matter, the judge recused himself. The new judge assigned to the case immediately scheduled a hearing on the exceptions to the inventory for the following month even though several discovery motions were pending.

■ The first issue presented is whether the second judge was bound by the prior judge's order scheduling an evidentiary hearing in this case.

■ A trial court has the inherent power to control its own orders and may set aside its orders at its discretion. *First Natl. Bank of Dunkirk v. Smith* (1921), 102 Ohio St. 120, 130 N.E. 502, paragraph one of the syllabus, and *Horman v. Veverka* (1987), 30 Ohio St.3d 41, 42, 30 OBR 83, 84, 506 N.E.2d 218, 219–220. This inherent power is limited only by R.C. 2505.02, which identifies final orders. As stated above, once an appealable or final judgment has been journalized, it cannot be modified, except in the limited ways provided by the Rules of Civil Procedure. A court's decision regarding modification of an interlocutory order cannot be reversed except upon a showing of an abuse of discretion. *Smith, supra.* Furthermore, courts are vested with discretion to control the course of their judicial proceedings. *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 83 Ohio App.3d 684, 686, 615 N.E.2d 689, 690. An abuse of discretion occurs when there is "more than an error of law or judgment." There must be proof that the court's attitude is "unreasonable, arbitrary or unconscionable." *Beacon Journal Publishing Co. v. Stow* (1986), 25 Ohio St.3d 347, 349, 25 OBR 399, 401, 496 N.E.2d 908, 910.

█ Since the order setting the evidentiary hearing was interlocutory, the court could modify it and hold a hearing at a different time. Appellant argues in essence, however, in the second part of his third assignment of error that the judge's decision regarding the type of hearing and its timing constituted an abuse of discretion. He argues that the ward was prejudiced by the court's action because (1) the motion for removal of appellant as the guardian of the person and the exceptions to the inventory were heard at the same time, and (2) the court did not have accurate facts due to the fact that appellant had been represented by two lawyers up until the day of the hearing (one on behalf of appellant in his role as guardian of the person, who also represented the guardian of the estate, and another on behalf of appellant as an exceptor to the inventory). He argues that the court, under these circumstances, placed the guardian of the estate in a position superior to him, as guardian of the person.

We find nothing in the record to suggest that the court abused its discretion by proceeding to a final judgment on the exceptions to the inventory at the time that it did and in the manner that it did. Furthermore, we note that appellant failed to preserve this issue for review by failing to object to the hearing. *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 177–178, 25 OBR 243, 244–245, 495 N.E.2d 904, 905–906.

█ The second issue presented is whether appellant was wrongfully denied an evidentiary hearing on his exceptions to the inventory.

The notice of the March 22, 1994 hearing did not state that the hearing was to be only for purposes of oral arguments. It merely indicated that a "hearing" was scheduled. There is nothing in the record to indicate that the parties would not be permitted to present evidence at this hearing. In fact, the court began the hearing by stating that it needed a summary of the exceptions "before we hear arguments and/or take testimony in this matter * * *." None of the parties attempted to present any evidence. Although appellant stated at the hearing that he had been unable to complete discovery to obtain the evidence to support his exceptions, he did not formally object to holding the hearing at that time. Furthermore, he did not move to introduce any exhibits into evidence. By failing to specifically make this objection, he waived his right to raise this issue on appeal. *Id.* Having failed to present an issue to the lower court for a ruling, there is no judgment to be reviewed.

█ The third issue raised under appellant's second assignment of error is that the probate court erred by overruling appellant's exception to the account receivable representing monies the guardian of the estate believed that James Maurer was paid or took from the ward's accounts during the period of April

1990 through December 1991 when he cared for the ward prior to the institution of the guardianship.

The guardian's inventory is an accounting of the property belonging to the estate of the ward. R.C. 2109.58. Therefore, a dispute as to who possesses title of an item of personal property must be resolved in a declaratory judgment action or in an R.C. 2109.50 special proceeding. *In re Estate of Trent* (1954), 98 Ohio App. 238, 57 O.O. 266, 128 N.E.2d 839; cf. *Eger v. Eger* (1974), 39 Ohio App.2d 14, 18, 68 O.O.2d 150, 153, 314 N.E.2d 394, 399–400; *In re Guardianship of Alberts* (Apr. 26, 1989), Summit App. No. 13780, unreported, 1989 WL 41523.

In this case, the guardian did not follow the proper procedure for gaining possession of the ward's assets allegedly taken by another. Therefore, we conclude that the lower court erred by approving the inclusion of this account receivable in the guardian's inventory.

The final issue is whether the trial court erred by failing to take evidence relating to the calculation of the value of the assets listed in the guardian's inventory.

While R.C. 2115.16 requires that the probate court hold a hearing on the exceptions to the inventory, it does not require that this be an evidentiary hearing. The statute states that the court may examine the executor or administrator and any witness under oath, but does not require the court to do so. Cf. *In re Estate of Sullivan* (Sept. 28, 1978), Franklin App. No. 78AP–136, unreported (R.C. 2115.16 requires that the probate court hold an evidentiary hearing). Further, R.C. 2111.141 permits the court to require the guardian to support the inventory with evidence that it is true and accurate. Since the statute makes the court's decision to take evidence discretionary, it can be reversed only if that discretion was abused. This standard of review was defined above.

At the hearing in this case, appellant presented his objections to the inventory. First, he argued that he needed to be able to conduct further discovery because the value of the land contract appeared to have been over-stated. During discovery he had obtained a balance sheet from the accounts of the ward which states that the balance of the land contract in 1988 was approximately $30,000 lower than the amount listed on the inventory.

The guardian of the estate stated that he calculated the balance due on the land installment contract based upon appellant's records and litigation records involving the note.

Second, appellant argued that the annual payments on the note from the corporation to the ward have not been made for the last four years, according to

documents prepared by the accountants for the corporation whom he had not yet had an opportunity to depose. Therefore, he believed that balance due on the note was understated by that amount. Appellant also argued that the inventory does not include the ward's pension or retirement salary that he had been receiving until 1993.

The guardian of the estate stated that he had discussed the matter with the corporation's attorney, accountant, and board. To his knowledge, there were no delinquent payments on the note. He found that the records regarding the payment of the note were not in order and that, like most small businesses, some formalities had been ignored. He surmised from the records, however, that the ward was given advances on the note payments whenever he requested them and these payments were treated as salary.

The court concluded that there was no proof presented that the value of these assets was incorrect and overruled these exceptions.

Appellant also objected to the guardian's failure to include in the inventory the ward's voting rights in the corporate stock. The guardian of the estate had no objection to including the ward's voting rights in the inventory. Therefore, the court ordered that the voting rights be included in the inventory.

Since appellant did not present any evidence supporting his challenges to the inventory, we find that the lower court did not abuse its discretion by approving the inventory without requiring the guardian of the estate to prove his calculations.

In his third assignment of error, appellant also argues that the second judge was unduly influenced by the statements made by the first judge in his last order recusing himself. The initial judge stated that the attorneys for both sides should withdraw because their interests as family members were causing the filing of "unnecessary legal pleadings and litigation * * *." At the hearing, the second judge made the following comments:

"I have, however, some reservations on the substitution of counsel. Judge Pollex, I believe, in his latest entry, had indicated some concern about whether or not Michael Maurer and Robert Maurer should proceed further as active attorneys in this case. I share those concerns. It's my feeling that having had some experience in these kinds of matters before where there were family disputes, that attorneys need to maintain a very high level of objectivity, and because of the relationships here, I feel there may be a conflict of interest on behalf of both of them. It goes without saying, however, that every person in this United States has a constitutional right to represent themselves."

Despite the first judge's comments, there is no doubt that the second judge reached this same conclusion upon an examination of the record and his own

experience with guardianships involving estranged family members. There is nothing in the record to suggest that the second judge's ruling on the exceptions to the inventory was improper because of the prior judge's comment.

Accordingly, appellant's second assignment of error is well taken in part and denied in part. It is well taken only insofar as the aforementioned account receivable should not have been included in the inventory. Appellant's third assignment of error is not well taken.

Having found that the judgment of the trial court was prejudicial to appellant, we reverse the judgment in part and affirm it in part. The judgment is reversed only insofar as the guardian's inventory included an account receivable from appellant. In all other respects, the trial court's judgment is affirmed. Pursuant to App.R. 24, the parties are hereby ordered to equally share the court costs on appeal.

*Judgment accordingly.*

HANDWORK, GLASSER and SHERCK, JJ., concur.