Appellant, Blanche McKenzie, appeals from the determination of the Miami County Probate Court that she return certain funds to the Estate of John W. Johnston after a hearing provided pursuant to R.C. 2115.16.
John W. Johnston died at the age of 97 on February 20, 1997. Ms. McKenzie filed an application to admit Mr. Johnston's will to probate on June 5, 1997 and for authority to administer her father's estate. Ms. McKenzie was appointed executrix by the court on June 6, 1997.
On November 17, 1997 Ms. McKenzie filed an inventory with the probate court and her sister, Virginia Oiler, filed exceptions to the inventory on November 21 and December 23, 1997. On January 26, 1998, Ms. McKenzie, as executrix, filed a complaint in the probate court against Virginia Oiler, Larry Fischback, and Toni Fischback, alleging that they concealed and embezzled estate assets. The latter matter was set for hearing on March 20, 1998. On February 12, 1998, Ms. McKenzie's counsel, Dean Hines, moved to continue the March 20, 1998 hearing. That matter was then continued until July 9 and 10, 1998.
On June 29, 1998, the trial court combined the R.C. 2115.16
"exceptions" hearing with the trial on Ms. McKenzie's concealment complaint for July 9, and 10, 1998. The court sent counsel for Ms. McKenzie and counsel for Ms. Oiler a copy of the court's entry.
On July 2, 1998, counsel for Ms. McKenzie filed a motion to continue the hearing dates of July 9 and 10, 1998 because he stated his client, Ms. McKenzie had been ill and unable to respond to the defendant's discovery requests. The trial court granted counsel's request on the same date and reset the matter for September 3, 1998. The entry was prepared by Ms. McKenzie's counsel and her counsel was provided a copy of the filed stamped entry. On the same date, the trial court prepared its own entry continuing the exceptions hearing to the same date and noted that Ms. McKenzie's counsel was provided a copy of the court's entry.
On July 16, 1998, Ms. McKenzie's counsel moved to withdraw as her lawyer because he alleged his client had refused to cooperate in preparing for the September 3, 1998 trial date. Counsel certified he sent a copy of this motion to Ms. McKenzie. On the next day, the trial court granted Mr. Hines' request. A copy of the trial court's decision was sent by the court to Ms. McKenzie.
On July 24, 1998, Mr. Hines similarly moved to withdraw from representing Ms. McKenzie in her capacity as executrix. Again counsel certified that he sent a copy of his motion by certified mail to Ms. McKenzie on the same date. On July 29, 1998 the trial court granted Mr. Hines' motion to withdraw and sent a copy of the court's decision to Ms. McKenzie.
On August 24, 1998, Kraig Noble, counsel for Virginia Oiler, filed a motion for a final pre-trial because he believed "it is necessary to ascertain the status of the hearing presently scheduled for September 3, 1998." He also stated he objected to any continuance of the September 3, 1998 hearing. In his certificate of service, he stated he sent a copy of the motion to Ms. McKenzie.
On September 3, 1998, the probate court dismissed Ms. McKenzie's concealment complaint when Ms. McKenzie failed to appear for the trial. A hearing on the exceptions filed by Ms. Oiler was held and the court found the exceptions well taken and ordered that Ms. McKenzie return certain funds to the estate in thirty days.
In her first assignment of error, appellant contends she was denied due process when she was not provided notice of the September 3. 1998 hearing on the concealment complaint and the "exceptions" hearing.
The appellee argues that appellant was not denied due process as appellant's counsel of record, Mr. Hines, was served with the probate court's order continuing the trial and hearing date to September 3, 1998.
Pursuant to Civ.R. 5(B), when service is required to be made upon a party who is represented by an attorney of record, service should be upon the attorney unless the court expressly orders that it be made upon the party. Swander Ditch Landowners's Assn. v.Joint Bd. Of Huron Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131.
In this case the appellant was represented by Mr. Hines when the trial and hearing was continued at her request to September 3, 1998.
In addition to the notice provided appellant's counsel of the September hearing, counsel for appellant sent appellant certified mail letters indicating his desire to withdraw as her counsel for her failure to cooperate in preparing for the September 3, 1998 hearing.
We are satisfied that the hearing and trial notice provided appellant's counsel in compliance with Civ.R. 5(B) provided the appellant due process of law. The first assignment is overruled.
In her second assignment, appellant contends the trial court violated her due process rights by permitting the use of her discovery deposition as evidence at the exceptions hearing.
The hearing of exceptions to an inventory under R.C. 2115.16
is a "summary" proceeding conducted by the probate court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time at his death. In re Gottwald (1956),164 Ohio St. 405; see also, In re Guardianship of Maurer (1995),108 Ohio App.3d 354 wherein the Wood County Court of Appeals held that R.C. 2115.16 does not require an evidentiary hearing. The trial court properly considered the deposition testimony of the appellant granting the appellee's exceptions. The second assignment of error is overruled.
In her last assignment, appellant contends the trial court improperly granted the appellee a default judgment in violation of Civ.R. 55(A). Appellee argues the trial court did not grant a default judgment. Civ.R. 55(A) provides in pertinent part:
 (A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
In Ohio Valley Radiology Assn. Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, the Ohio Supreme Court held that Civ.R. 55(A), governing default judgments is not applicable when a defending party has filed a pleading. The court held that when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ.R. 55(A) occurs, and the trial court is not required to give seven days notice to the absent party before allowing the party seeking relief to proceed with an ex parte trial.
In this case, Ms. McKenzie was not required to file a responsive pleading to the exceptions filed to the inventory which she filed with probate court. The exceptor was not seeking a "default" judgment. She presented evidence to the probate court on her exceptions in the ex parte hearing.
Accordingly, the trial court properly proceeded with an ex parte hearing on the exceptions filed by Ms. Oiler when her sister failed to appear on September 3, 1998. Likewise, when Ms. McKenzie failed to appear for trial on her complaint filed against the defendants for concealing assets, the trial court appropriately dismissed the complaint for want of prosecution. The third assignment of error is likewise overruled.
The judgment of the trial court is Affirmed.
GRADY, P.J., and FAIN, J.,.concur.