OPINION
{¶ 1} Plaintiffs-Appellants Thomas and Jeannie Cennamo are theowners of several rental properties in the vicinity of Mount Vernon,Ohio. In July 1999, Appellee/Cross-Appellant Jennifer Deem sought to rentone of the apartments owned by appellants. Appellee commenced her tenancynear the end of that month, after completing the required rentalpaperwork. Per the parties' lease agreement, rental cost for the apartmentwas $450 per month. A portion of said rent was met via appellee'sgovernment housing subsidy. Appellants decided in approximately June 2000that they would not continue with the lease with appellee after itsexpiration on July 30, 2000, alleging non-payment of rent for severalmonths by appellee. However, during the time frame of June and July2000, appellee contacted the Knox Metropolitan Housing Authority andreported allegations of repeated sexual misconduct against her by ThomasCennamo.
 {¶ 2} Appellee did not move out of the apartment after expirationof the lease. Appellants filed an eviction complaint and a request forapproximately six months of unpaid rent in Mount Vernon Municipal Court onSeptember 19, 2000. Appellee filed an answer and counterclaim, and movedto transfer the case to the Knox County Court of Common Pleas. In hercounterclaim, appellee asserted fair housing law violations, allegingthat Thomas sexually harassed her and appellants engaged in retaliationby evicting her from the apartment. On October 6, 2000, the municipalcourt judge transferred jurisdiction of the counterclaim to common pleascourt, and the remaining claims were transferred by way of an agreedentry.
 On August 1, 2001, appellants filed and served on opposing counselinterrogatories and requests for production. On December 24, 2001,appellants filed a motion to compel discovery regarding saidinterrogatories and requests for production. On December 26, 2001,appellants filed additional requests for production of documents regardinginvestigatory audio tape recordings made on appellee's behalf by VincentCurry, director of the Fair Housing Advocates Association. On April 5,2002, appellants moved to dismiss appellee's counterclaim and/or continuethe trial date due the failure of appellee to respond to theinterrogatories of July 27, 2001. On April 8, 2002, appellee servedresponses to discovery requests and filed a memorandum in opposition tothe motion to dismiss.
 {¶ 3} The trial court did not specifically rule on the motion todismiss appellee's counterclaim and/or continue the trial date; however,a jury trial commenced on April 9, 2002, lasting three days. On April11, 2002, the jury returned a verdict in favor of appellee on certain ofher sexual harassment and retaliation counterclaims, but againstappellants on their claim for unpaid rent. On April 18, 2002, the trialcourt entered judgment on the jury verdict, awarding appellee $452 incompensatory damages and $31,000 in punitive damages. Appelleesubsequently moved for and was awarded $12,542 in attorney fees. In themeantime, appellants moved for a new trial and for remittitur, both ofwhich were denied on May 20, 2002.
 {¶ 4} Appellants timely appealed and herein raise the followingfour Assignments of Error:
 {¶ 5} "I. The trial court erred in failing to rule onplaintiffs-appellants' pretrial discovery motions, thereby prejudicingplaintiffs-appellants' ability to defend the counterclaim.
 "II. The trial court erred in excluding from evidence at trialthe testimony of other tenants in respect to their dealings withplaintiff-appellant Thomas Cennamo.
 {¶ 6} "III. The trial court erred in failing to grant a new trialdue to the unavailability of witness Michelle Williams.
 {¶ 7} "IV. The trial court erred in not remitting the excessiveaward of punitive damages or in failing to grant a new trial."
 {¶ 8} Appellee herein raises the following single Assignment ofError on cross-appeal:
 {¶ 9} "I. The trial court erred in its determination of the hourlyrate relating to the fee petition of counsel fordefendant/counterclaimant when it ignored court awards as evidence ofreasonable rates and value of counsel, when it minimized the specializedarea of law, and when it applied, without evidence, an amount identifiedas a local rate.
 Cennamo Appeal I. {¶ 10} In their First Assignment of Error, appellants contend the trial court erred failing to rule on their pretrial discovery motions. We disagree.
Appellants herein focus on purported audio tape recordings made on appellee's behalf by Vincent Curry, director of the Fair Housing Advocates Association. These tapes apparently included portions of conversations, by telephone and in person, between appellants and appellee at about the time of the expiration of the lease. Appellants specifically sought said tapes in their second request for production on December 26, 2001.
 {¶ 11} The Ohio Rules of Civil Procedure attempt to minimize the role of the court in matters of discovery by permitting the parties to pursue open discovery without leave of court. Anderson v. A.C. S.,Inc. (1992), 83 Ohio App.3d 581, 584. While the trial court has the discretion to regulate the discovery process, typically, the trial court is drawn into regulating discovery only when a party moves to compel discovery under Civ.R. 37, or seeks a protective order pursuant to Civ.R. 26(C). Id.; See also State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659.
 {¶ 12} In the case sub judice, the record reveals that the trial court was never presented with a second motion to compel to correspond with the request for production of the tape on December 26, 2001. Furthermore, the record that appellants' motion to dismiss of April 5, 2002 pertains exclusively to the alleged failure of appellee to adequately respond to the first set of interrogatories of July 27, 2001.
We are cognizant that a motion to compel is not a prerequisite for the imposition of discovery sanctions. Lakewood v. Papadelis (1987),32 Ohio St.3d 1, 511 N.E.2d 1138. Nonetheless, a litigant still must bring the opposing party's failure to allow discovery to the court's attention. See State v. Lesher (Oct. 8, 1993), Geauga App. No. 92-6-1681. Appellant in the case sub judice brought no concern specifically regarding discovery of the tapes to the attention of the trial court. We thus conclude that appellant has failed to demonstrate an error by the trial court which would give rise to a modification or reversal by this Court. See, Ohio Constitution Art. IV, § 3(B)(2). See, also, CountrywideHome Loans, Inc. v. Meldrum, Stark App. No. 2001CA00209, 2002-Ohio-364.
 {¶ 13} Accordingly, appellants' First Assignment of Error is overruled.
 II. {¶ 14} In their Second Assignment of Error, appellants contend the trial court erred in excluding from evidence testimony by certain of appellants' other tenants concerning their knowledge of Thomas Cennamo's past demeanor. We disagree.
 {¶ 15} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, at 2.
 {¶ 16} Following the presentation of appellee's case on her counterclaim, appellants called Wendy Brown and Jackie Hatcher, two of their tenants. When counsel for appellants attempted to question these two witnesses concerning whether Thomas had ever engaged in inappropriate behavior in their presence, in both instances appellee's counsel successfully objected. Tr. at 487, 491. However, the record indicates that counsel for appellants did not proffer what the testimony of these witnesses would have established. Evid.R. 103(A)(2) specifically provides:
 {¶ 17} "(A) Effect of erroneous ruling.
"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 {¶ 18} "* * *
 {¶ 19} "(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination."
 {¶ 20} In the case sub judice, appellants failed to proffer the requisite evidence, and have thereby waived any purported error in this regard. See State v. Brooks (1989), 44 Ohio St.3d 185, 195, 542 N.E.2d 636;Debacker v. Debacker (Feb. 19, 1999), Hocking App. No. 98 CA 5, at 3.
 {¶ 21} Appellants' Second Assignment of Error is overruled.
 III. {¶ 22} In their Third Assignment of Error, appellants argue the trial court erred in precluding the testimony of a witness from the Knox Metropolitan Housing Authority. We disagree.
 {¶ 23} Appellants secured service of a subpoena on Michelle Williams, an employee of the Knox Metropolitan Housing Authority, on April 10, 2002, the second day of the trial. In a subsequent letter to appellants' counsel, which was attached to appellants' motion for new trial, Williams stated she found the courthouse door locked when she attempted to fulfill the subpoena on April 10, 2002. The trial court, even before being told Williams was not present, had ruled that it would not permit testimony on the third day of trial. Tr. at 552.
We again note that appellants failed to proffer to the trial court the testimony of the non-appearing witness. Tr. at 567. See Village ofBrooklyn Heights v. Nowak (Sept. 11, 1997), Cuyahoga App. No. 71729, citing State v. Galan (1990), 67 Ohio App.3d 68, 585 N.E.2d 987. However, even if we accept appellant's assertion that "[t]he testimony of a representative of the housing authority, and a review of the housing authority's file may have disclosed Defendant-Appellee's lack of truthfulness * * * [in regard to certain allegations appellee made concerning her record as a tenant]", we are disinclined to find reversible error upon review of the entire record. A trial court is vested with discretion to control judicial proceedings, and will not be reversed absent an abuse of that discretion. In re: Guardianship ofMaurer (1995), 108 Ohio App.3d 354, 670 N.E.2d 1030. Likewise, the decision to grant or deny a motion for new trial rests in the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Sharp v. Norfolk W. Ry. Co. (1995),72 Ohio St.3d 307, 312, 649 N.E.2d 1219.
 {¶ 24} Accordingly, appellants' Third Assignment of Error is overruled.
 IV. {¶ 25} In their Fourth Assignment of Error, appellants contend the trial court erred in declining to remit the damage award or grant a new trial in view of the punitive damage amount. We disagree.
We review a trial court's decision to deny remittitur under an abuse of discretion standard. See Betz v. Timken Mercy Med. Ctr. (1994),96 Ohio App.3d 211, 218, 644 N.E.2d 1058. The purpose of punitive damages is not to compensate a plaintiff, but to punish a defendant for certain conduct and deter such conduct in the future. Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 651, 635 N.E.2d 331.
According to appellee's testimony, Thomas' harassment began at the very start of their landlord-tenant relationship, when they met for the purpose of having appellee sign the rental application. Thomas met her at the apartment, but soon suggested that they should go to his house because he did not have a pen. Thomas admittedly gave appellee a tour of his home, even though the house was not on the market and appellee was not a potential buyer. Appellee testified that Thomas asked if she had a boyfriend, and turned on a pornographic movie on his television while they completed the paperwork. Appellee also recalled that Thomas told her she would look good in his wife's negligee and asked her to lie down on the bed. While they were in the living room, Thomas forced appellee to put her hand on his crotch. Thomas stopped the activity after his teenage son unexpectedly arrived home. Appellee further testified Thomas' unsolicited sexual advances occurred on several occasions when he came to the apartment to make repairs. She recalled: "And when something broke, every time something broke, I was thinking, oh, man, what am I going to do now, and I often tried to fix things myself so I wouldn't have to call him. I didn't want any part of it." Tr. at 391. Appellee felt restrained from reporting these incidents because she was engaged in a custody battle over her daughter, and feared the ramifications of losing stable housing. She testified: "I wanted to go, but what could I do? I couldn't lose my house and my daughter. If I go to the police, they're going to contact him, Mr. Cennamo, and there goes my house and my daughter." Tr. at 396. Appellee was also concerned that appellants would create problems for her with the Metropolitan housing authorities, such that she would not be able to get further subsidies. Adding to appellee's dilemma was a ruptured disc condition which created a physical barrier for relocating her furniture and heavier possessions. Thomas denied any sexual harrassment or any sexual contact with appellee, and essentially blamed her for being the sexual aggressor. Tr. at 186.
 {¶ 26} The jury awarded compensatory damages to appellee in the amount of one dollar under the claim of hostile environment sexual harassment, one dollar under the claim of retaliation, and four hundred fifty dollars under the claim of quid pro quo sexual harassment, the amount of which reflected her security deposit. As appellant notes, the punitive damage award was over sixty times the award of compensatory damages. However, low compensatory damages and high punitive damages decided by a jury are not in and of themselves cause for reversal.Wightman v. Consolidated Rail Corp. (1999), 86 Ohio St.3d 431, 438,715 N.E.2d 546. Likewise, courts should not set aside a verdict based upon a mere difference of opinion with the jury. Rohde v. Farmer (1970),23 Ohio St.2d 82, 92, 262 N.E.2d 685. Upon review the record, including the specific evidence that Thomas abused his position of control as a landlord over appellee's near-term housing needs and the corresponding impact on her parenting capability, we are unpersuaded that the punitive damage award and lack of remittitur constituted an abuse of discretion.
 {¶ 27} Appellants' Fourth Assignment of Error is overruled.
 Deem Cross-Appeal I. {¶ 28} In her sole Assignment of Error on cross-appeal, appellee/cross-appellant argues that the trial court erred in calculating the amount of her award of attorney fees. We disagree.
 {¶ 29} In its entry regarding fees, the trial court found, inter alia, the reasonable hourly rate for trial attorneys in Knox County to be $125. The court then found the reasonable time expenditure on the case to be 100.34 hours. Appellee essentially argues that the trial court overemphasized general local rates for counsel, and failed to recognize the impact of the complex nature of the fair housing and sexual harassment legal issues at hand. Appellee argues that counsel presented testimonial evidence of current awards in this area of the law in excess of $200 per hour, without rebuttal testimony by appellants.
An award of attorney fees is within the sound discretion of the trial court. Swanson v. Swanson (1976), 48 Ohio App.2d 85, 355 N.E.2d 894. Generally, the reasonableness of the value of attorney's fees must be proven by competent, credible evidence and is not a proper matter for judicial notice. Gioffre v. Simakis (1991), 72 Ohio App.3d 424, 428,594 N.E.2d 1013. However, in the case sub judice, the trial conducted a separate hearing and cogently participated in a redress of the issue of attorney fees. As the Ohio Supreme Court has indicated: "The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." Brooks v.Hurst Buick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85, 91,491 N.E.2d 345. We are therefore disinclined to substitute this Court's judgment for that of the trial court in this respect.
 {¶ 30} The trial court did not abuse its discretion in calculating attorney fees. Appellee/cross-appellant's sole Assignment of Error is overruled.
 {¶ 31} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Costs to appellants.