OPINION.
{¶ 1} The appellant, Mary Alice Kay ("Appellant"), appeals the judgment of the Probate Court of Hancock County, which denied her exception to the inventory of the estate of Harriett Louise Ewing.
 {¶ 2} Harriett Ewing's (the "decedent") last will named her four children as beneficiaries and provided that her estate be divided equally among them. The four children are Francis O'Flaherty, Lawrence E. Ewing, Mabel L. Kelley, and Mary Alice Kay, the appellant herein. Mabel Kelley died prior to the death of the deceased thereby leaving her two children, Mike Kelley and Beth Bubalo, to inherit her share of the estate.
 {¶ 3} An informal division of the decedent's personal property was made among various family members before an executor was appointed by the probate court. The appellant did not agree with the manner in which the decedent's estate was divided. She ultimately filed exceptions to the estate inventory submitted to the probate court by Lawrence E. Ewing, the executor of the estate and the appellee herein. After a hearing on the matter, the probate court overruled the appellant's exception and approved the inventory as submitted by the appellee.
 {¶ 4} It is from this judgment that the appellant appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it held that the executor of the decedent'sestate did not have the duty to seek out assets of the estate that hadnot been distributed prior to the formal administration of the estate andredistribute the assets of the estate in accordance with the terms of thedecedent's last will and testament.
 {¶ 5} R.C. 2115.02 charges the executor of an estate with the duty of providing a true inventory and appraisal of the estate of the decedent to the probate court.[1] Upon the filing of this inventory with the probate court, R.C. 2115.16 directs the court to schedule a hearing within thirty days. Any person interested in the estate may file exceptions to the inventory up to five days before this hearing. The appellant herein timely filed such exceptions.
 {¶ 6} As stated by the Supreme Court of Ohio, "[t]he hearing of exceptions to an inventory under Section 2115.16, Revised Code, is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefore have included in a decedent's estate more or less than such decedent owned at the time of his death." In re Estate of Counts (Sept. 18, 2000), Ross App. No. 99CA2507; citing, In re Estate of Gottwald (1956), 164 Ohio St. 405, paragraph one of the syllabus.
 {¶ 7} In the case sub judice, the division of the decedent's estate occurred as follows. Subsequent to the death of the decedent, but prior to the appointment of the appellee as executor of his mother's estate, the appellee and the other beneficiaries of the decedent arranged for the property in the decedent's estate to be divided up informally among various family members. The beneficiaries of the decedent agreed to meet at the decedent's house trailer, where she had resided, to pick out items they wished to have. Each of the beneficiaries, including the two children of Mabel Kelley, deceased, placed a label on the items they desired. The remaining grandchildren would then later have the opportunity to pick out any of the items that remained. It is undisputed that the appellant was not physically present at the time when the rest of the family picked out the items they wanted. The appellant, however, did communicate to the appellee's wife over the phone to indicate the items she wanted.
 {¶ 8} Subsequent to the distribution of most of the decedent's personal property in her estate, the appellant objected to the manner in which the estate was divided and filed an application to become appointed executrix of the decedent's estate. In apparent response, Appellant's brother, Lawrence, who was named in decedent's will as executor, filed to be appointed executor of the estate and was appointed as such by the probate court.
 {¶ 9} In accordance with R.C. 2115.02, Appellee filed an inventory of the decedent's estate in which the only property listed was the decedent's trailer and $500 in assets. The appraised value of the estate, as listed in the inventory, however, did not include the value of the property which had been distributed prior to the appellee's appointment as executor.
 {¶ 10} In response to this omission, and in an effort to have the estate redistributed, the appellant filed an exception to the appellee's inventory. The appellant asserts that the appellee did not adhere to the mandates of R.C. 2113.25 and that the probate court's decision to approve the appellee's inventory is contrary to law.
 {¶ 11} Our standard of review of the proceeding sub judice is one of abuse of discretion. In re Guardianship of Maurer (1995),108 Ohio App.3d 354, 359. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 12} An administrator of an estate functions in a fiduciary capacity and, pursuant to R.C. 2113.25,[2] has a duty to collect all of the assets of the estate. Jelke v. Goldsmith (1895), 52 Ohio St. 499, paragraph one of the syllabus. The representative of an estate has an obligation and mandatory duty to seek out and collect every asset belonging to the decedent at the time of his death and include it in the estate. See R.C. 2113.25; Eger v. Eger (1974), 39 Ohio App.2d 14. The duty exists from the time the estate is opened, which occurs upon issuance of letters testamentary or letters of administration, and continues until the administrator or executor files a final account and is discharged. Hilleary v. Scherer (Oct. 30, 1987), Miami App. No. 87-CA-23; see, also, R.C. 2113.01, 2113.05, 2113.06, 2113.15, 2109.02,2109.30, and 2109.32.
 {¶ 13} A review of the lower court proceeding to determine the appellant's exception to the appellee's inventory reveals the following: (1) that there was no written agreement among the beneficiaries of the will to distribute the estate in the manner in which they did; (2) that the appellant was not physically present at the time when the other family members were at the decedent's house trailer to divide up the estate, but was only able to communicate her wishes to the appellee/executor's wife over the phone; (3) that although the decedent's will named her four children as beneficiaries to "share and share alike" in the estate, grandchildren who were not named in the will, other than those who took their deceased parent's share, also received some of decedent's property from the informal distribution; (4) that the "inventory and appraisal" and the "schedule of assets," Standard Probate Forms 6.0 and 6.1 respectively, only listed the value of the decedent's trailer ($16,750.00) and household goods and furnishings ($500.00), but did not include the contents of the house trailer that had previously been distributed among the family members;[3] (5) that Appellee did not make an effort to account for the property that had been distributed prior to the appraisal in his inventory; (6) that the appellee conceded that the total value of the household goods in the decedent's estate at the time of her death exceeded the $500 figure as listed in the inventory made by the appellee.
 {¶ 14} Despite the testimony and evidence introduced at the lower court hearing, the probate court held that the appellee/executor had "devised a system of property distribution he believed was fair to all parties" and found the appellant's exceptions to the inventory to be without merit.
 {¶ 15} The probate court's determination that the appellee had made a "fair" distribution of the decedent's estate, however, does not fulfill the requirements of R.C. 2111.35. It is evident from the record that the inventory submitted by the appellee was inaccurate and did not include a substantial portion of the assets belonging to the decedent at the time of her death. Pursuant to R.C. 2113.25, it was necessary and required that the appellee, the executor of the decedent's will, collect and account for all of the assets of the decedent's estate so that they could be distributed among the beneficiaries of the will in the manner by which the will requires. This did not occur in the case before us on appeal.
 {¶ 16} Because the probate court did not require compliance with the clear mandate of the statute, the court's judgment constituted an abuse of discretion, and we must sustain Appellant's assignment of error.
 {¶ 17} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the probate court. Accordingly, the judgment of the Probate Court of Hancock County is vacated and the cause remanded for further proceedings consistent with the judgment herein.
Judgment reversed and cause remanded.
BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2115.02 states that "[w]ithin three months after the date of the executor's or administrator's appointment, * * * the executor or administrator shall file with the court an inventory of the decedent's interest in real estate located in this state and of the tangible and intangible personal property of the decedent that is to be administered and that has come to the executor's or administrator's possession or knowledge. The inventory shall set forth values as of the date of death of the decedent. * * *"
[2] R.C. 2113.25 states in pertinent part that: "[s]o far as the executor or administrator is able, the executor or administrator of an estate shall collect the assets and complete the administration of that estate * * * The court, upon application of any interested party, may authorize the examination under oath in open court of the executor or administrator upon any matter relating to the administration of the estate.
[3] The "inventory and appraisal" and the "schedule of assets" also lists $16,472.83 in "intangible personal property," apparently consisting of the decedent's personal checking account and a CD. However, the appellant's "exceptions to the inventory" only pertain to items of the decedent's "tangible personal property."