OPINION
{¶ 1} Appellant Robert M. Yarchak appeals the denial of his post-decree contempt motion in the Stark County Court of Common Pleas, Domestic Relations Division. Appellee Nicole Yarchak is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on May 22, 1997. One child was born of the marriage. On February 25, 2005, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on March 4, 2005.
 {¶ 3} On February 9, 2006, the parties appeared before a family court magistrate for their final divorce hearing. At that time, an agreement between the parties was read into the record. On March 28, 2006, the final decree of divorce was filed, incorporating the parties' signed separation agreement.
 {¶ 4} On April 20, 2006, appellant filed a motion to modify child support, which included a financial affidavit signed by appellant on March 29, 2006, just one day after the filing of the divorce decree.
 {¶ 5} Furthermore, on June 6, 2006, appellant filed a motion for contempt against appellee, averring that appellee had violated the court's restraining orders by making charges on appellant's credit and opening a credit account in his name without *Page 3 
permission. The motion further alleged that appellee had prevented visitation on May 22, 2006 and had failed to make a monthly payment on the parties' Jeep automobile in May 2005.
 {¶ 6} The matter came on for a non-evidentiary hearing on July 27, 2006, following which the trial court dismissed the contempt motion and ordered appellant to pay appellee attorney fees of $400.00. The court additionally directed the parties to participate in mediation as to companionship issues and ordered the issue of child support modification set for further hearing.
 {¶ 7} On September 5, 2006, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN DENYING THE PLAINTIFF-APPELLANT AN EVIDENTIARY HEARING REGARDING THE ISSUES RAISED IN HIS MOTION FOR CONTEMPT.
 {¶ 9} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN FINDING THAT THE PLAINTIFF FILED FRIVOLOUS PLEADINGS.
 {¶ 10} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN DISMISSING HIS MOTION FOR CONTEMPT AND IMPOSING SANCTIONS OF $400 IN ATTORNEY'S FEES.
 {¶ 11} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN OVERRULING HIS REQUEST FOR SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW." *Page 4 
 I., II. {¶ 12} We will address the first two assigned errors together. In his First Assignment of Error, appellant contends the trial court erred in denying appellant an evidentiary hearing on the contempt issue. In his Second Assignment of Error, appellant maintains the trial court erred in finding his pleadings were frivolous. We disagree on both counts.
 {¶ 13} The trial court specifically held as follows in pertinent part:
 {¶ 14} "On June 20, 2006, Defendant filed a motion for sanctions and a motion to dismiss. The motion indicates that the sanctions are requested because the Plaintiffs affidavit cites issues which arose prior to the finalization of the divorce. Plaintiff is seeking to find the Defendant in contempt for opening a credit card account in November 2005, during the pendency of the divorce. That account was closed prior to the final hearing. Plaintiff is seeking to find the Defendant in contempt for failing to make a Jeep payment in May, 2005, eleven monthsprior to the filing of the divorce decree. It is well settled that all items under dispute at the time a divorce is finalized merge into the final judgement (sic) entry. Yet Plaintiff has filed contempts for violations of restraining orders in effect during the pendency of a divorce. This is a frivolous filing and warrants sanctions." Judgment Entry at 2-3, emphasis in original.
 {¶ 15} Appellant herein does not dispute that his contempt claims against appellee regarding the use of credit were based on alleged events which occurred prior to the filing of the decree. Nonetheless, he presently asserts that these alleged events were not known to him at the time of the finalization of the separation agreement. Appellant's Brief at 8. *Page 5 
 {¶ 16} A trial court is inherently vested with discretion to control judicial proceedings. Lawson v. Lawson, Coshocton App. No. 05 CA 10,2005-Ohio-6565, ¶ 46, citing In re: Guardianship of Maurer (1995), 108 Ohio App.3d 354, 670 N.E.2d 1030. Furthermore, as the trial court noted, the doctrine of merger bars prosecution of a contempt motion in these circumstances. In Colom v. Colom (1979), 58 Ohio St.2d 245,389 N.E.2d 856, syllabus, the Ohio Supreme Court held: "In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree."
 {¶ 17} Accordingly, upon review, we find no reversible error in the trial court's finding of frivolousness and denial of an evidentiary contempt hearing in this matter. Appellant's First and Second Assignments of Error are overruled.
 III. {¶ 18} In his Third Assignment of Error, appellant argues the trial court erred in awarding appellee attorney fees upon the denial of appellant's contempt motion. We disagree.
 {¶ 19} An award of attorney fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359,481 N.E.2d 609. In contempt actions in domestic relations cases, a trial court may award attorney fees in the absence of supporting evidence when the amount of work and time spent on such a case is apparent. Labriola v.Labriola (Nov. 5, 2001), Stark App. No. 2001CA00081, unreported, citingWilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94AAPE12-1810. *Page 6 
 {¶ 20} Based on our review of the record and the procedural history of the matter sub judice as outlined supra, we find no error or abuse of discretion in the court's award of contempt-related attorney fees to appellee in the amount of $400.00.
 {¶ 21} Appellant's Third Assignment of Error is therefore overruled.
 IV. {¶ 22} In his Fourth Assignment of Error, appellant contends the trial court erred in overruling his request for findings of fact and conclusions of law. We disagree.
 {¶ 23} This Court has previously held that findings of fact and conclusions of law under Civ.R. 52 are unnecessary in regard to motions for contempt. See Ferguson v. Ferguson (Nov. 8, 2000), Knox App. No. 99-CA-000022, citing State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10. Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
 By: Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 Costs to appellant. *Page 1