OPINION
{¶ 1} Appellant Garney O. Lawson appeals the decision of the Court of Common Pleas, Coshocton County, which granted a divorce between appellant and Appellee Rebecca S. Lawson. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on July 14, 1983, Two children were born of the marriage; both are now emancipated. On May 9, 2003, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim, and the matter was set for a trial before a magistrate on December 22, 2003, February 5, 2004, and March 10, 2004.
 {¶ 3} On September 10, 2004, the magistrate issued a thorough eighteen-page decision recommending a divorce between the parties and outlining a division of property. Appellant was also ordered to pay $1,138.26 per month as spousal support for a period of 123 months, unless terminated by the death of either party or appellee's remarriage or cohabitation with an unrelated person of the opposite sex.
 {¶ 4} On September 21, 2004, appellant filed objections to the decision of the magistrate. Following the preparation of a transcript of the proceedings before the magistrate, appellant filed supplemental objections. On February 22, 2005, appellee timely filed a response to appellant's objections.
 {¶ 5} On March 31, 2005, the trial court issued a judgment entry overruling all of appellant's objections and incorporating the magistrate's decision granting a divorce between the parties.
 {¶ 6} On April 18, 2005, appellant filed a notice of appeal. He herein raises the following eight Assignments of Error:
 {¶ 7} "I. THE MAGISTRATE COMMITTED ERROR BY FINDING THAT THE HUSBAND ADMITTED THAT HE WITHDREW $1000 FROM THE INTEREST PLUS ACCOUNT IN VIOLATION OF THE PROPERTY RESTRAINING ORDER AFTER MAY 9, 2003.
 {¶ 8} "II. THE MAGISTRATE DID NOT TAKE INTO CONSIDERATION ANY STOCK SPLITS INTO CONSIDERATION (SIC) OF THE SHARES OF GE STOCK, ARISING OUT OF THE HUSBAND'S PREMARITAL SHARES.
 {¶ 9} "III. THE MAGISTRATE COMMITTED ERROR IN FINDING THAT THE HUSBAND HIRED JASON BRADFORD `TO AMEND THEIR 2002 INCOME TAX RETURNS'.
 {¶ 10} "IV. THE MAGISTRATE APPLIED THE FACTORS WITH REGARD TO OHIO REVISED CODE SECTION 3105.18, BUT DID NOT MAKE A DIVISION AND DISTRIBUTION PURSUANT TO 3105.18, BECAUSE THE DIVISION DISAPPORTIONALLY (SIC) FAVORS THE WIFE, AND IS NOT `ONE-HALF' AS STATED IN THESE OBJECTIONS.
 {¶ 11} "V. THE MAGISTRATE ERRED IN CONSIDERING THE SOCIAL SECURITY BENEFITS OF THE PARTIES AS AN ASSETS, (SIC) AND ALTERNATIVELY IF CONSIDERED AN ASSET, WRONGFULLY APPORTIONING IT. THE MAGISTRATE STATED THAT THESE `BENEFITS CAN NOT BE DIVIDED'.
 {¶ 12} "VI. THE MAGISTRATE COMMITTED ERROR IN DENYING THE HUSBAND'S MOTION FOR REOPENING THIS MATTER ON HIS INCOME AND JOB SITUATION, WHICH WOULD HAVE SHOWED CHANGED (SIC) OF CIRCUMSTANCES.
 {¶ 13} "VII. THE MAGISTRATE FOUND IN ERROR THAT THE HUSBAND ORIGINALLY AGREED TO PAY WIFE $500.00 SPOUSAL SUPPORT COMMENCING JUNE 29, 2003.
 {¶ 14} "VIII. THE MAGISTRATE COMMITTED ERROR IN FINDING THAT THE DEFENDANT-APPELLANT FAILED TO ESTABLISH WHAT PORTION OF THE MORTGAGE HE PAID DURING THE MARRIAGE IN ORDER TO BE AWARDED SEPARATE PROPERTY FOR HIS CONTRIBUTIONS."
 I. {¶ 15} In his First Assignment of Error, appellant argues the trial court erred in finding he admitted withdrawing $1,000.00 from his General Electric Interest Plus Account, in violation of prior court restraining orders. See Magistrate's Decision at 7.
 {¶ 16} Appellant contends he cannot be in violation of the restraining order, as he had not been served with said order at the time of the fund withdrawal. However, our review of the record does not indicate that appellant was held in contempt or otherwise sanctioned as a result of the $1,000 withdrawal. Furthermore, appellant was ultimately awarded the full $2,326.52 pre-withdrawal value of the account in question. As such, we find appellant has failed to demonstrate prejudice warranting reversal or correction by this Court. See App.R. 12(D).
 {¶ 17} Appellant First Assignment of Error is therefore overruled.
 II. {¶ 18} In his Second Assignment of Error, appellant contends the trial court erred by failing to account for certain stock splits in calculating the parties' division of property. We disagree.
 {¶ 19} Appellant herein claims that the award to him of 12.9196 shares of General Electric stock as separate property was erroneous, as this figure would have been affected by a 2-for-1 split in 1994, a 2-for-1 split in 1997, and a 3-for-1 split in 2000. Appellee responds that this issue became confused at trial because the affidavit of Mark Dechene, a benefit specialist with U.S. Employee Services, did not trace the shares in the stock account at issue, nor did it show if the premarital shares were withdrawn, sold or otherwise affected during the marriage. Moreover, appellant proposed that he be awarded the figure of 12.9196 shares of G.E. stock in his Proposed Findings of Fact and Conclusions of Law. It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. See State v. Kollar (1915),93 Ohio St. 89, 91, 112 N.E. 196.
 {¶ 20} Under these circumstances, we hold the trial court did not err or abuse its discretion in adopting the magistrate's decision in this regard and in implicitly disallowing further evidence as to this issue. See Civ.R. 53(E)(4)(b).
 {¶ 21} Appellant's Second Assignment of Error is overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant challenges the trial court's finding that he hired Accountant Jason Bradford to amend the parties' 2002 tax returns, thus making appellant responsible for Bradford's $95.00 bill for services.
 {¶ 23} A trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, and observes their demeanor, gestures, and inflections. See Seasons Coal Company v. Cleveland (1984),10 Ohio St.3d 77. Upon review of the record, we are unpersuaded that the court's finding and allocation of responsibility of the accounting bill rose to reversible error.
 {¶ 24} Appellant's Third Assignment of Error is overruled.
 IV., V. {¶ 25} In his Fourth and Fifth Assignments of Error, appellant maintains the trial court erred in its overall division of property, particularly as to consideration of the parties' social security benefits. We disagree.
 {¶ 26} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See also Cherry, supra, at 355, 421 N.E.2d 1293. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v.Briganti (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896.
 {¶ 27} R.C. 3105.171(F) reads as follows:
 {¶ 28} "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 29} "(1) The duration of the marriage;
 {¶ 30} "(2) The assets and liabilities of the spouses;
 {¶ 31} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 32} "(4) The liquidity of the property to be distributed;
 {¶ 33} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 34} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 35} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 36} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 37} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 38} In Neville v. Neville, 99 Ohio St.3d 275,791 N.E.2d 434, 2003-Ohio-3624, syllabus, the Supreme Court of Ohio held: "In making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets."
 {¶ 39} In the case sub judice, the court initially awarded appellee-wife the Pontiac Aztek, the Longaberger basket collection, her Kraft Foods pension, her Kraft Foods 401(K), the General Electric Savings and Security Plan, and other marital property, for a total of $216,531.60. The court then awarded appellant-husband the marital portion of the marital residence, the Chevrolet truck, the Harley-Davidson motorcycle, the Polaris ATV, the Honda Scooter, the Carter James 401(K), and several bank accounts, for a total of $78,178.11.[1] The court then ordered as follows:
 {¶ 40} "Husband shall retain his Social Security benefits which have a net present value of $136,918.94. Wife shall retain her Social Security benefits which have a net present value of $44,589.18. These benefits are not available for division; however, they are required to be taken into account for purposes of making an equitable property division." Magistrate's Decision at paragraph 11.
 {¶ 41} The court thus finally ordered that appellant would "retain the sum of $46, 022.83 of the marital portion of his General Electric Pension Plan benefit in order to equalize the property division provided for herein," with the remaining pension benefits thereafter to be divided equally via a QDRO. Id. at paragraph 12. This resulted in a present equal split of $261,120 for each party.
 {¶ 42} Upon review of the record, we conclude the trial court sufficiently complied with Neville, supra and R.C. 3105.171(F), and properly considered within its discretion the present value of the parties' Social Security benefits in making an equal division of property.
 {¶ 43} Appellant's Fourth and Fifth Assignments of Error are overruled.
 VI. {¶ 44} In his Sixth Assignment of Error, appellant contends the trial court erred in denying his motion to supplement the record, which was filed subsequent to the trial to the magistrate, but before she issued her decision. We disagree.
 {¶ 45} As noted in our recitation of facts, the trial to the magistrate concluded on March 10, 2004. However, on August 6, 2004, about one month before the magistrate's decision was issued, appellant asked for further hearing on the issue of his income, based on his allegation of changed circumstances due to loss of overtime and shift differential pay at General Electric. The magistrate denied appellant's post-trial motion, indicating that "[i]f husband wishes to raise the issue(s) contained in said motion, he may do so post-decree." Magistrate's Decision at paragraph 15.
 {¶ 46} A trial court is inherently vested with discretion to control judicial proceedings. In re: Guardianship of Maurer
(1995), 108 Ohio App.3d 354, 670 N.E.2d 1030. Under the facts and circumstances presented, and in light of the court's allowance for these issues to be raised post-decree, we find no abuse of discretion by the trial court in denying the motion to supplement or reopen.
 {¶ 47} Appellant's Sixth Assignment of Error is overruled.
 VII. {¶ 48} In his Seventh Assignment of Error, appellant asserts the trial court erred in finding that he agreed to pay appellee $500 per month in spousal support, commencing June 29, 2003. We disagree.
 {¶ 49} The record indicates that a temporary orders hearing was originally set for June 24, 2003. Apparently, this was supposed to have resulted in an agreed entry, which appellant subsequently did not sign. He continued to object to the terms of this agreed entry at the magistrate's trial, although he did eventually acknowledge on the record that he had agreed to pay appellee the $500/month sum. Tr. at 108. Accordingly, we find appellant's argument without merit.
 {¶ 50} Appellant's Seventh Assignment of Error is overruled.
 VIII. {¶ 51} In his Eighth Assignment of Error, appellant argues the trial court erred in finding that he failed to establish what portion of the marital home mortgage, if any, he paid prior to the marriage, in order to have said portion declared separate property. We disagree.
 {¶ 52} It is undisputed that appellant paid $27,500 for the martial residence in 1978. See Exhibit 1. Appellant took out a mortgage at that time for $24,750, after making a down payment of $2,750.[2] Appellant contended at trial that the original mortgagee bank no longer existed, and that he had no records to show what he paid during the period between the home purchase and the wedding day in 1983. However, he testified that he paid $235 per month on the mortgage prior to the marriage. Tr. at 310.
 {¶ 53} It is well-established that the party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Peck v. Peck (1994), 96 Ohio App.3d 731,734, 645 N.E.2d 1300. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5-758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. We note appellant did not articulate in his testimony how much of his $235 per month payments went to principal reduction, versus interest on the note. Upon review, we are unpersuaded the trial court erred in concluding appellant failed to prove the existence of pre-marital mortgage payments as his separate equity in the martial home.
 {¶ 54} Appellant's Eighth Assignment of Error is overruled.
 {¶ 55} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
Costs to appellant.
[1] In addition, the court apportioned the marital property G.E. stock as follows: 270 shares to appellee and 269 shares to appellant.
[2] Appellant was awarded this $2750 sum as separate property in the divorce.