**BARDNELL, Appellee,**

v.

**BARDNELL, Appellant.**

[Cite as *Bardnell v. Bardnell,* 169 Ohio App.3d 593, 2006-Ohio-6393.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2005–CA–00179.

Decided Dec. 4, 2006.

Michael A. Boske, for appellee.

Thomas J. Lombardi, for appellant.

GWIN, Judge.

{¶ 1} Defendant-appellant, David A. Bardnell, appeals a judgment of the Stark County Court of Common Pleas, Domestic Relations Division, which granted a divorce to plaintiff-appellee, Patricia Bardnell, divided the parties' property, and ordered appellant to pay spousal support. Appellant assigns four errors to the trial court:

{¶ 2} "I. The trial court's award for attorney fees in the amount of $5,471.15 and costs in the amount of $1,382.00 over objections of defendant and without testimony as to the reasonableness of the attorney fees and costs was an abuse of discretion.

{¶ 3} "II. The trial court's award of spousal support in the amount of $1,750.00 per month for the life of the plaintiff was an abuse of discretion.

{¶ 4} "III. The trial court's award of spousal support for the life of the plaintiff without retaining jurisdiction on the issue of spousal support was an abuse of discretion.

{¶ 5} "IV. The trial court's use of the present day value of Social Security benefits in the determination of a division of property is an abuse of discretion and resulted in an unequal and inequitable division of property."

{¶ 6} The record indicates that the parties were married for over 33 years and produced two children, both emancipated. In 2004, appellant's employer gave him the choice of transferring to El Paso, Texas, or losing his job. Appellant moved to El Paso, Texas, but appellee remained in Stark County, Ohio.

{¶ 7} Generally, our standard of reviewing a decision of a domestic-relations court is an abuse-of-discretion standard, *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. The Supreme Court has frequently defined "abuse of discretion" as a decision that is unreasonable, arbitrary, or unconscionable, see, e.g., *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 8} The Supreme Court made the abuse-of-discretion standard specifically applicable to property divisions in *Martin v. Martin* (1985), 18 Ohio St.3d 292, 18

OBR 342, 480 N.E.2d 1112, and to spousal-support awards in *Blakemore,* 5 Ohio St.3d at 219, 5 OBR 481, 450 N.E.2d 1140. In *Rand v. Rand* (1985), 18 Ohio St.3d 356, 18 OBR 415, 481 N.E.2d 609, the Ohio Supreme Court made the abuse-of-discretion standard applicable to awards of attorney fees in domestic-relations proceedings.

■ {¶ 9} In his first assignment of error, appellant argues that the court erred in ordering him to pay appellee's attorney fees in the amount of $5,471.15 and costs in the amount of $1,382, without testimony as to the reasonableness of the attorney fees and costs.

{¶ 10} At the final hearing on August 22, 2005, appellee testified that she had agreed to an hourly rate of $195, which she considered fair based on the services her counsel had provided. She testified regarding the cost of evaluating the parties' pensions and Social Security benefits, and the cost of several real estate appraisals.

{¶ 11} The record indicates that appellant had failed to comply with certain discovery orders and the court had ordered him to pay attorney fees associated with the motion to compel discovery. Appellee testified that she had not received any of the attorney fees the court had ordered five months earlier. Appellee also presented the court with an itemized statement of the fees and costs.

{¶ 12} In *Smith v. Smith* (July 10, 1995), Stark App. No. 1994–CA–00316, 1995 WL 499009, this court found that a combination of expert testimony and an itemized fee statement detailing the work performed in the case was sufficient to support the award of fees. In *Evans v. Evans* (Aug. 23, 1997), Licking App. No. 1996–CA–156, this court found that when the only evidence presented on the issue of attorney fees was the appellee's testimony stating the total current and anticipated legal fees, the evidence was insufficient to demonstrate the amount of time and work spent on the case.

{¶ 13} We find that the trial court had sufficient evidence before it to determine the reasonableness of the attorney fees and costs. We find that the trial court did not abuse its discretion.

{¶ 14} The first assignment of error is overruled.

■ {¶ 15} In his fourth assignment of error, appellant argues that the trial court improperly computed the value of his Social Security benefits in dividing the parties' property.

{¶ 16} Attached to the trial court's findings of fact and conclusions of law is a list of the parties' assets and debts. The trial court included the Social Security benefits of each party in the computation, along with each party's pension, appellant's 401K, his relocation bonus, and the real and personal property. The

court computed the net value of the marital property and determined an approximate 50/50 split, including a cash payment to appellee.

{¶ 17} Appellant's Social Security benefits had a present-day value of $188,700, while appellee's was slightly over $13,000. Appellant argues that the court abused its discretion in including the present-day value of his Social Security benefits, which resulted in appellee's receiving his entire Maytag pension to equalize the division of property.

{¶ 18} In *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, the Ohio Supreme Court held that as a general rule, pension or retirement benefits earned during the course of the marriage are marital assets and should be considered both in property divisions and in alimony awards. The court held that the goal of the trial court should be an equitable division of property and award of alimony while simultaneously providing the employed spouse with an incentive to continue in the same employment to enhance his or her pension or retirement benefits. The *Hoyt* court held that the trial court must apply its discretion based on the circumstances of the case, the status of the parties, the nature, terms, and conditions of the pension or retirement plan, and the reasonableness of the result. The trial court should attempt to preserve the pension or retirement asset so each party can receive the highest benefit from it. The *Hoyt* court found that it may not always be appropriate to make a division of a private pension plan based upon a fixed value on a date certain.

{¶ 19} The *Hoyt* court noted, however, that the rule that retirement benefits earned during the course of the marriage are marital assets does not apply to Social Security benefits, which are exempt by federal law.

{¶ 20} In *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, syllabus, the Ohio Supreme Court held, "In making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets."

{¶ 21} In *Neville,* the parties had been married nearly 30 years, and the husband had been the primary wage earner while the wife stayed home to raise the children. The parties in *Neville* were roughly the same age as the parties in the case at bar. The trial court held that the parties' potential Social Security benefits could not be divided, but that their value should be considered. The trial court awarded the wife the equity in the marital residence to balance out the husband's higher Social Security benefits.

{¶ 22} In *Lawson v. Lawson,* Coshocton App. No. 05CA10, 2005-Ohio-6565, 2005 WL 3361099, this court had the opportunity to apply the *Neville* case. In *Lawson,* the trial court arrived at a property division of more than $216,000 to the wife and $78,000 to the husband, before addressing the Social Security

benefits. The court compared the present values of the Social Security benefits and gave the husband more than half of the marital portion of his pension plan benefit, in order to equalize the property division. This court held that the trial court had complied with *Neville* and R.C. 3105.171 and did not abuse its discretion in using the present value of the parties' Social Security benefits in determining an equal division of property.

{¶ 23} We hold that *Neville* permits the court to make the division ordered here if, in its discretion, the court finds it appropriate to do so. On the facts of this case, we cannot find that the court abused its discretion.

{¶ 24} The fourth assignment of error is overruled.

{¶ 25} Assignments of error two and three address the trial court's award of spousal support, and we will address them together.

{¶ 26} R.C. 3105.18 sets out the factors a court should consider in determining whether spousal support is appropriate, and in what amount. Those factors are:

{¶ 27} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶ 28} "(b) The relative earning abilities of the parties;

{¶ 29} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶ 30} "(d) The retirement benefits of the parties;

{¶ 31} "(e) The duration of the marriage;

{¶ 32} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶ 33} "(g) The standard of living of the parties established during the marriage;

{¶ 34} "(h) The relative extent of education of the parties;

{¶ 35} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶ 36} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶ 37} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the

spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶ 38} "(*l*) The tax consequences, for each party, of an award of spousal support;

{¶ 39} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶ 40} "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶ 41} The trial court found that appellant earned $92,765 in 2004, while appellee earned $45,556. The trial court ordered appellant to pay appellee spousal support of $1,750 per month for life and did not retain jurisdiction over the matter.

{¶ 42} Appellant argues that in its property division, the trial court awarded appellee his entire Maytag pension and all remaining 401K funds, so the only source of income remaining to him from which to pay appellee $1,750 per month is his Social Security benefits, plus whatever pension he may accumulate from the time of the divorce until he retires. Appellant argues that appellee will receive a large part of his retirement income, leaving him with little for his own support.

{¶ 43} The trial court found that appellant made more than $93,000, but at trial, appellee testified that this included the two relocation fees which totaled nearly $24,000. The trial court had included a $20,000 relocation bonus in the property division, and we find that the court should not have included it in computing appellant's income, because it was a one-time payment and because it treated it as a lump sum.

{¶ 44} Appellant argues that the spousal-support order results in appellee's gross income being more than $15,000 more than his own. Appellant argues that there is nothing in the trial court's findings to explain this, and we agree. We hold that the trial court improperly computed appellant's income in computing the spousal support and did not substantiate its reasons for the award.

{¶ 45} In *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus, the Ohio Supreme Court held: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of * * * alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit on the parties' rights and responsibilities."

{¶ 46} We find that given the volatility of pension plans and considering the age and work history of the parties, the court abused its discretion in ordering support for life, without explaining why it did not set a date certain for the award to end, and without retaining jurisdiction over the matter.

{¶ 47} The second and third assignments of error are sustained.

{¶ 48} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WISE, P.J., and FARMER, J., concur.