OPINION *Page 2 
{¶ 1} On October 30, 1971, appellant, Amy Schroer, and appellee, Charles Schroer, were married. On June 28, 2004, appellee filed a complaint for divorce.
 {¶ 2} Hearings were held before a magistrate on March 18, and December 16, 2005, the central issue being the parties' separate and marital property. On March 3, 2006, the magistrate filed an amended decision, allocating the parties' property. Appellant filed objections. By judgment entry filed August 18, 2006, the trial court denied the objections and approved and adopted the magistrate's decision. A judgment entry decree of divorce was filed on September 22, 2006.
 {¶ 3} Appellant filed an appeal on September 15, 2006 and assigned the following errors:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND COMMITTED ERROR PREJUDICIAL TO THE RIGHTS OF APPELLANT/CROSS APPELLEE AND ABUSED ITS DISCRETION IN FINDING THE $10,000.00 FROM APPELLEE/CROSS APPELLANT'S PARENTS IN 1976 AND THE $19,158.00 FROM APPELLEE/CROSS APPELLANT'S FATHER IN 1987, WERE GIFTS MADE SOLELY TO THE APPELLEE/CROSS APPELLANT, BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 5} "THE TRIAL COURT'S DECISION THAT APPELLANT/CROSS APPELLEE HAD TO PROVE BY THE STANDARD OF CLEAR AND CONVINCING EVIDENCE THAT APPELLEE/CROSS APPELLANT'S SEPARATE PROPERTY HAD *Page 3 
BEEN TRANSMUTED INTO MARITAL PROPERTY WAS ERROR AS A MATTER OF LAW."
 III {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT ANY SEPARATE PROPERTY INTEREST THE APPELLEE/CROSS APPELLANT MAY HAVE HAD IN THE MARITAL RESIDENCE AT 661 CLIFFSIDE DRIVE WAS TRANSMUTED INTO MARITAL PROPERTY."
 {¶ 7} Appellee filed a cross-appeal on September 22, 2006 and assigned the following error:
 CROSS-ASSIGNMENT OF ERROR I {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION FINDING THAT THE SPOUSAL BENEFIT AND WIDOWER BENEFIT FROM THE SOCIAL SECURITY EVALUATION ATTRIBUTABLE TO WIFE IS NOT APPROPRIATE FOR INCLUSION IN THE CALCULATION FOR DIVISION OF PROPERTY."
 {¶ 9} This matter is now before this court for consideration.
 I {¶ 10} Appellant claims the trial court erred in determining two separate amounts, $10,000 in 1976 from appellee's parents and $19,158.55 in 1987 from appellee's father, were not gifts to both parties. We agree in part.
 {¶ 11} In dividing property, the trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. *Page 4 Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} It is undisputed that three separate sums of money were given to appellee during the marriage, $12,000.00 in 1976 from his parents, $19,158.55 in 1987 from his father, and $57,230.00 in 1989 as his inheritance from his father's estate. Appellant does not contest the fact that the latter amount was appellee's separate property. Appellant argues the trial court erred in finding no donative intent to both parties on the remaining amounts.
 {¶ 13} The sums of money in dispute were used to purchase the marital residences of the parties. In 1976, the parties placed $10,000.00 down on their first marital residence located on Fittings Avenue, from $12,000.00 received from appellee's parents. In 1980, the parties sold this home and purchased a residence on Kelly Avenue. To purchase this home, the parties borrowed $19,500.00 from Mansfield Building and Loan. In 1987, appellee's father paid $19,158.55 to Mansfield Building and Loan, paying off the balance of the loan. In 1990, the parties sold this home and purchased a residence on Cliffside Drive. This home was purchased with the proceeds from the sale of the Kelly Avenue residence and appellee's inheritance from his father's estate. *Page 5 
 {¶ 14} The trial court viewed these transactions as not demonstrating any evidence of donative intent to both parties:
 {¶ 15} "The following conclusions demonstrate that although some evidence exists in favor of concluding that transmutation occurred, other evidence weighs more heavily in the opposite direction and precludes finding that Defendant proved by clear and convincing evidence that transmutation occurred." See, Amended Magistrate's Decision filed March 3, 2006.
 {¶ 16} It is this conclusion that appellant challenges in this assignment of error.
 {¶ 17} Separate property is defined in R.C. 3105.171(A)(6)(a) as follows in pertinent part:
 {¶ 18} "`Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 19} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 {¶ 20} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
 {¶ 21} As to the $12,000.00 amount, the trial court found "the gift to their son of his college fund money because he was able to use the GI Bill to pay for his education was a gift to him only." See, Judgment Entry filed August 18, 2006. We concur with the trial court's opinion that the $12,000.00 amount, given to appellee in lieu of college expenses, does not have any indicia of a donative intent to both parties. As for appellant's argument there was "transmutation" as to this amount, in balancing the clear *Page 6 
traceability of the amount as mandated by R.C. 3105.171 against the doctrine of transmutation, we find the amount remained appellee's separate property. Black v. Black (November 4, 1996), Stark App. No. 1996CA00052.
 {¶ 22} However, the $19,158.55 that was a direct payoff to Mansfield Building and Loan, the parties' joint obligation on the Kelly Avenue property, does demonstrate donative intent. T. at 94-95. The amount was not given directly to appellee, but was given to the lender to cover the joint obligation of the parties. We note the proceeds of the Kelly Avenue property were used to purchase the marital property on Cliffside Drive. T. at 94.
 {¶ 23} Assignment of Error I is granted in part as to the $19,158.55 amount. The trial court is directed to recompute the division of property with this amount included as marital property.
 II {¶ 24} Appellant claims the trial court erred in requiring the degree of proof to be "clear and convincing" evidence on the issue of transmutation.
 {¶ 25} Appellant wants this court to find that in order to have transmutation of separate property into marital property, the burden of proof is sufficiency of the evidence. In its judgment entry of August 18, 2006, the trial court determined the following:
 {¶ 26} "Defendant objects that the Court held Defendant to a burden of proof to prove `transmutation' by clear and convincing evidence. `Transmutation' is a theory which occurs by case law and not statute. The statutes provide no guidance to the Court as to the burden of proof required. Further, neither the cases cited by Plaintiff nor *Page 7 
the cases cited by Defendant provide any guidance. The Court in its review of relevant precedent fails to find persuasive authority that a person seeking to establish transmutation must prove it by either a preponderance of the evidence or clear and convincing evidence.
 {¶ 27} "* * *
 {¶ 28} "Nevertheless, in spite of the lack of definitive authority cited or revealed in the Court's own research, the Court feels obligated to address which of the two separate burden of proof standards the Court should employ in finding whether or not a transmutation of property has taken place. For the following reasons, the Court finds that the appropriate burden of proof for a party seeking to establish `transmutation' is `clear and convincing evidence.'
 {¶ 29} "It seems inconsistent to the court in determining whether separate property has been converted into marital property, by inter vivos gift or by transmutation, that separate burdens of proof would be employed. Both attack the established separateness of the property. Both the inter vivos gift and transmutation are theories which evidence a transfer of a property interest by its owner to the spouse, either by a distinct transaction as in the case of the gift, or over time evidenced by an analysis of the `totality of circumstances.' For these reasons the Court finds that the proper standard of proof necessary to establish a transmutation is `clear and convincing evidence.'"
 {¶ 30} In Assignment of Error I, we addressed the issue of donative intent as it relates to the $19,158.55 payoff of the joint debt of the parties. We clearly found it was *Page 8 
a gift to both parties and therefore the burden of proof would be by clear and convincing evidence.
 {¶ 31} As for the $12,000.00 amount, we determined no transmutation occurred and the traceability of the amount remained intact; therefore the $12,000.00 remained appellee's separate property. Traceability is determined by the sufficiency of the evidence standard. Therefore, as the trial court's determination was under "clear and convincing evidence," we find error. However, as we addressed in Assignment of Error I, the clear traceability of the $12,000.00 is undisputed and therefore any error in the burden of proof is harmless.
 {¶ 32} Assignment of Error II is denied.
 III {¶ 33} Appellant claims the trial court erred in determining only $10,065.00 of the Cliffside Drive property was marital property.
 {¶ 34} We have addressed this issue in Assignment of Error I and have remanded the matter to the trial court to credit $19,158.55 as additional marital property in determining the division of property.
 CROSS-ASSIGNMENT OF ERROR I {¶ 35} Appellee claims the trial court erred in not including appellant's spousal and widow benefits from social security. We disagree.
 {¶ 36} In his brief at 13-14, appellant noted the following:
 {¶ 37} "In the case sub judice, the Trial Court does not credit Wife for $27,652.35 in projected spousal social security benefits or for $63,210.20 in projected widow social security benefits in the spreadsheet it prepared for the division of marital property. *Page 9 
However, the spread sheet did credit Husband for his full amount of projected social security benefits in the amount of $175,630.50."
 {¶ 38} Appellant argues appellee failed to file objections to the magistrate's decision on the issue. We disagree the issue was not raised by appellee. In his response to the objections filed by appellant, appellee argued spousal and widow benefits should have been considered in light of Neville v. Neville (2003), 99 Ohio St.3d 275.
 {¶ 39} However, this court has subsequently addressed this issue inLawson v. Lawson, Coshocton App. No. 05CA10, 2005-Ohio-6565, wherein we held the following at ¶ 42:
 {¶ 40} "Upon review of the record, we conclude the trial court sufficiently complied with Neville, supra and R.C. 3105.171(F), and properly considered within its discretion the present value of the parties' Social Security benefits in making an equal division of property."[1]
 {¶ 41} We find nothing in the trial court's analysis that would amount to an abuse of discretion.
 {¶ 42} Cross-Assignment of Error I is denied. *Page 10 
 {¶ 43} The judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division is hereby affirmed in part, reversed in part and remanded.
 By Farmer, J., Hoffman, P.J. and Edwards, J. concur separately. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties.
[1] We note appellee conceded this issue during oral argument in recognition of our decision in Lawson. *Page 11