[Cite as *Upkins v. Brosh*, 2018-Ohio-2971.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| LAMONE UPKINS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2018-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 17-420 |
| | : | |
| LENEE BROSH, PROSECUTOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2018.

. . . . . . . . . . .

LAMONE UPKINS, Inmate No. 723-308, London Correctional Institution, P.O. Box 69, London, Ohio 43140
      Plaintiff-Appellant, Pro Se

NICHOLAS E. SUBASHI, Atty. Reg. No. 0033953 and TABITHA JUSTICE, Atty. Reg. No. 0075440, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440
      Attorneys for Defendant-Appellee Lenee Brosh

MELANIE J. WILLIMASON, Atty. Reg. No. 0079528 and DANIEL A. SABOL, Atty. Reg. No. 0096720, 7775 Walton Parkway, Suite 200, New Albany, Ohio 43054
      Attorney for Defendant-Appellee J.J. Bubeck

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the February 7, 2018 pro se Notice of Appeal of Lamone Upkins. Upkins appeals from the trial court's January 12, 2018 denial of his pro se Civ.R. 60(B) motion for relief from judgment, issued after the trial court granted the motion to dismiss of Miami County Prosecutor Lenee Brosh and Miami County Deputy Sheriff J.J. Bubeck ("Defendants"). We hereby affirm the judgment of the trial court.

{¶ 2} On October 16, 2017, Upkins filed a pro se "Complaint 42. U.S.C. § 1983" against Defendants. The complaint provided, "This is a claim of malicious prosecution." It further provided that, on January 22, 2016, Bubeck stopped Upkins as he was walking at the corner of Hetzler Road and County Road 25A in Piqua, questioned him, placed him in handcuffs, and arrested him for an active Montgomery County warrant. The complaint alleges that Bubeck then proceeded to Upkins's vehicle, which he searched without Upkins's permission. According to the complaint, after "illegally obtaining what Deputy Bubeck[ ] believed was drug paraphernalia," Bubeck "proceeded to try and get the Plaintiff to take a field sobriety test, and a breath test," which Upkins refused. Upkins alleged that he was charged with "OVI-Drugs and Alcohol and DUS-Driving Under Suspension." Upkins stated that he was "incarcerated within the Miami County Jail from January 22, 2016, up to February 4, 2016, [sic] the date upon which the Plaintiff had to pay a high bond for such misdemeanor charges after Montgomery County dropped the warrant in Dayton, Ohio, from a 2009 traffic violation." Upkins asserted that Bubeck "knew his actions would ignite the Miami County Prosecuting Office to begin its malicious prosecution of a case that had neither probable cause [n]or justifiable standings in

criminal law." Upkins further alleged that Brosh "acted with malice while instituting or continuing the prosecution" and that Brosh attempted "to achieve a guilty plea by way of a dishonest purpose." Upkins sought $582.65 "for bail money lost in malicious prosecution," as well as $10,000.00 in punitive damages and $10,000.00 in compensatory damages "for stress and duress."

{¶ 3} On October 19, 2017, Defendants filed their "Motion for Dismissal." In its entirety, the motion provides as follows:

Now comes the above named defendants by and through, Miami County Prosecuting Attorney, Anthony E. Kendell, and for the reasons set forth below, respectfully requests that the Plaintiff's Complaint be dismissed.

It is the State's position that this Honorable Court lacks jurisdiction in order to proceed on the Plaintiff's Complaint as a matter of law. As a result, the State respectfully requests that the Plaintiff's Complaint be summarily dismissed on those grounds.

{¶ 4} The certificate of service on the motion provides that it was sent via regular mail to Upkins at London Correctional Institution, to Brosh at the Miami County Municipal Court Prosecutor's Office, and to Sheriff David Duchak and Deputy Bubeck at the Miami County Sheriff's Office.

{¶ 5} On October 24, 2017, the court granted the motion to dismiss without analysis; the entirety of it of its decision provided: "Upon Motion of the State, and for good cause shown, the Motion to Dismiss filed by the Miami County Prosecutor in this matter, is hereby granted." We note that the signature appearing above Judge Christopher

Gee's signature line is difficult to read.

{¶ 6} On November 13, 2017, Upkins filed his pro se motion for relief from judgment, arguing that the "State filed a motion to dismiss with the Court without serving a copy on the Plaintiff, and therefore, obstructed the Plaintiff from being able to oppose the motion." He argued that the trial court failed to provide a rationale for the dismissal of his complaint. According to Upkins, "the contents of the State's motion to dismiss is [sic] still unknown to the plaintiff." He asserted that "it is incumbent upon this Court to grant relief from judgment pursuant to Civil Rule 60(B)(1)(3) & (5)." Upkins further asserted that he "may had [sic] mistakenly used the wrong statute in presenting his claim to the Court by asserting 42 U.S.C. 1983, but such oversight could have been easily corrected pursuant to Civil Rule 15(A), whereas [the] body of the complaint itself, did in fact state a claim upon which relief could be granted if proven." He argued that "in considering 60(B)(3)," Defendants' failure to serve him with the motion to dismiss "was an act of misconduct, and the reasons stated all through this motion covers 60(B)(5) and justifies relief from judgment." The certificate of service on the motion provides that "a copy of the foregoing motion for Relief from Judgment, Civil Rule 60(B) was sent to Lenee Brosh, the Miami County Prosecutor's Office [on] November 4, 2017 at 501 W. Main St., Safety Building, Troy, Ohio 45373-2363."

{¶ 7} Upkins attached his affidavit to his motion for relief from judgment. The affidavit stated that he was not served with a copy of the motion to dismiss and that his complaint was dismissed without any rationale. He further averred that he received "the dismissal entry on October 26, 2017 from Anthony E. Kendell Miami County Prosecuting Attorney as the sender on the envelope from the mail room here at the London

Correctional Inst." Finally, Upkins stated that he "is now before Judge Gee, requesting Motion for Leave to file an Amended Complaint, and motion for Relief from judgment due to the failure to adhere to the civil rules."

**{¶ 8}** On the same day, Upkins filed a "Motion to Amend Complaint," which provided that Defendants "have not filed an affirmative defense in this case, and based on these facts and the supporting civil rules the motion for leave should be freely given." Upkins also filed an affidavit which provided, "[t]his will verify that a copy of the Plaintiff's Motion for Release from Judgment, Motion to Amend Complaint, & Affidavit of the Plaintiff was mailed to the clerk of courts at Miami County Common Pleas Court by U.S. Mail, County Courthouse Troy, Ohio, to be filed with the Common Pleas Court."

**{¶ 9}** On January 12, 2018, the trial court issued its "Decision/Judgment Entry Denying Motion for Relief from Judgment." The court noted that Defendants "have not responded to the motion for relief from judgment, although, somewhat ironically, it appears that [Anthony E. Kendell, the Miami County prosecutor who filed the motion to dismiss on behalf of Defendants], may not have been served with a copy of the motion for relief." The trial court noted that the dismissal entry was signed by "a visiting judge," who "did not explain the basis of the dismissal beyond 'good cause shown.' " The court noted that Upkins did not appeal from the dismissal of his complaint. The court found that the "memorandum in support of the motion for relief from judgment is confusing from the standpoint of ascertaining the basis for relief under Civil Rule 60(B). This could, in part be attributed to Upkins['] lack of familiarity with the rule and his decision to proceed pro se." The court further noted that pro se litigants are "held to the same procedural standards as other litigants that have retained counsel."

**{¶ 10}** The court further found as follows:

The memorandum supporting the motion for relief makes a general assertion about entitlement to relief "pursuant to Civil Rule 60(B)(1), (3) & (5)", but does not set forth specific operative facts to support entitlement to relief under those three grounds. Upkins asserts in his memorandum that he "may have mistakenly used the wrong statute in presenting his claim to the court by asserting 42 U.S.C. 1983." Upkins also claims (correctly) that the court should have given him time to respond to the motion for dismissal. Had he been given that time, however, Upkins claims that he would have filed an amended complaint. The proposed amended complaint, which is attached to this decision, removes any reference to a claim under 42 U.S.C. § 1983, but in both the original and proposed amended complaint, Upkins['s] sole claim is for "malicious prosecution". However, the removal of a reference to 42 U.S.C. § 1983 does not change the sole claim being made for malicious prosecution and does not demonstrate a mistake that would justify granting relief under Civil Rule 60(B).

The court finds that Upkins has failed to demonstrate he is entitled to relief under any of the grounds alleged under Civil Rule 60(B). He has not demonstrated "mistake, inadvertence, surprise or excusable neglect" under 60(B)(1). There is also no evidence of fraud, misrepresentation or other misconduct of an adverse party that would justify relief under 60(B)(3). Upkins also points to the catch-all provisions of 60(B)(5), but he does not make any separate argument to demonstrate why he is entitled to relief

under that section.

(Footnotes omitted.)

{¶ 11} We note that the amended complaint attached to the motion to amend does not bear a time-stamp. In separate footnotes the court noted that the "certificate of service signed by Upkins shows that it was sent to one of the defendants, Lenee Brosh, who works as a prosecutor in Miami County Municipal Court and who is not employed by the Miami County Prosecuting Attorney's office," and that "Local Rule 3.03[1] gave Upkins 14 days to respond to the motion for dismissal.

{¶ 12} Upkins asserts two assignments of error herein which we will consider together. They are as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT'S 60(b)(5) MOTION WHEN THE TRIAL COURT FAILED TO CORRECT THE PLAIN ERRORS OF A SUBSTITUTE JUDGE WHO'S [sic] JUDGMENT WAS UNREASONABLE, ARBITRARY OR UNCONSCIONABLE"

THE TRIAL COURT ABUSED ITS DISCRETIOIN IN IT'S [sic] JUDGMENT TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS CIVIL RULE 60(B)(5) MOTION FOR RELIEF FROM JUDGMENT

---

[1] Miami County Local Rule 3.03 governs in part the submission of motions and provides: "All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. The opposing counsel or parties may file answer briefs or memoranda by the fourteenth day after the day on which the motion was filed. On the twenty-first calendar day after the original motion was filed, the motion shall be submitted to the Judge to whom the case is assigned. This rule shall apply to all motions except as otherwise provided herein. *The clerk is ordered not to accept for filing motions not in conformance with this rule.* * * *." (Emphasis added.)

WHERE APPELLANT'S AFFIDAVIT WAS NEVER CONTESTED BY DEFENDANT'S [sic] WHERE SERVICE OF THEIR MOTION TO DISMISS WAS NOT MADE ON APPELLANT IN ACCORDANCE WITH OHIO CIVIL RULE 5(A).

{¶ 13} In the "Statement of the Case" portion of his brief, Upkins asserts that his case is "a case involving malicious prosecution" against Brosh and Bubeck, who "acted with vehemence and intent of purpose to cause [him] embarrassment, irreparable harm, and financial loss." Upkins asserts that his complaint "should have never been dismissed by the trial court pursuant to civil rules and local rules without allowing [him] an opportunity to respond" to the motion to dismiss.

{¶ 14} Upkins asserts that the "trial court dismissing the civil action five days after the defendants filed their motion without allowing Appellant an opportunity to oppose their motion was prejudicial and an abuse of discretion." He argues that, "under Ohio's liberal pleading rules, all that is required of a plaintiff bringing suit is (1) a short and plain statement of the claims showing that the party is entitled to relief, and (2) a demand for judgment for relief to which the party claims to be entitled."

{¶ 15} Upkins argues that he:

* * * filed a "Motion for Relief from Judgment" and a "Motion to Amend Complaint", accompanied by an "Affidavit" swearing he never received defendants['] motion to dismiss complaint. The defendants never responded to either of Appellant's motions, and never contested the Appellant's affidavit. The Appellant ask[s] this Appellate Court to note that all legal mail coming into the London Correctional Institution, from court or

attorneys are recorded and must be signed for by the recipient, and can be verified by the Institution Mail Officer.

The trial court promptly denied Appellant's motion for Relief from Judgment. First it is unfair and prejudicial for the Court to acknowledge the defendant[s'] not contesting the Appellant's affidavit, and secondly, not responding to Appellant's motion for Relief from Judgment. Thirdly, it is unfair and prejudicial against the Appellant for the trial court to recognized [sic] and acknowledge a substitute judge dismissing a civil action with a total disregard for the local rules 3.03, and civil rules 7(B)(2), 8(A), and 41(B)(1). Further, the substitute judge dismissed the complaint by signing the dismissal as if the sitting judge, Christopher Gee, had actually signed it, and the substitute judge[']s name has not been mentioned and still is unknown to the Appellant. * * * And even assuming that the defendant's [sic] had sent Appellant a copy of their motion to dismiss by regular mail, then it still would have had [sic] prejudiced the Appellant because it takes three or four days to receive legal mail at this institution. Therefore, at best, the Appellant would have only had the defendant[s'] motion to dismiss one day or two at best, and could have not responded in time.

**{¶ 16}** Upkins argues that "the trial court abused its discretion by failing to correct an unfair judgment that was casted in it's [sic] name despite the trial court's acknowledgement of its unfairness and unjust decisions, which ultimately has prejudiced this appellant."

**{¶ 17}** Under his first assignment of error, Upkins asserts that his appeal "rests on

the trial court['s] abuse of discretion when the sitting judge failed to correct a visiting or substitute judge['s] plain errors in dismissing Appellant's civil actions which is contrary to Miami County Local Rules 3.03 and Ohio Civil Rules 7(B),8(A), and 41(B)(1)." He argues that Defendants sought dismissal based upon a lack of subject matter jurisdiction "because Appellant used or cited the statute 42 U.S.C. 1983," yet Defendants failed to cite any authorities in support of their position as required by local rule. Upkins asserts that the "visiting or substitute judge (who's [sic] name is never mention[ed] or known by Appellant) but who signed the dismissal where sitting judge Christopher Gee['s] signature should have been, dismissed the civil action," while Upkins had 14 days to respond. Upkins argues that many "civil complaints [have] been filed in Ohio State court using the civil right statute 42 U.S.C. 1983 as the bas[i]s of their complaints, and as such, using the statute itself is not a justifiable reason to dismiss a civil action for lack of jurisdiction in a state court."

{¶ 18} Upkins asserts that the "trial court or Clerk of Courts did not serve the October 24, dismissal on the Appellant, but rather, it was sent by the [Defendants'] attorney, Anthony E. Kendall." He argues that the "trial court denied Appellant's motion for relief from judgment after first acknowledging that the visiting or substitute judge had committed plain error in dismissing the civil action." Upkins asserts that he "has a meritorious claim for malicious prosecution, and his complaint and Amended Complaint both met the malicious prosecution criteria."

{¶ 19} In his second assignment of error, Upkins asserts that while his original motion sought relief pursuant to Civ.R. 60(B)(1), (3), and (5), "after further research of the rule itself, the appellant['s] only relief rest[s] within [C]ivil [R]ule 60(B)(5)." Upkins repeats

several of the arguments, set forth above, in his second assignment of error. He further asserts that pursuant to Civ.R. 60(B), he "stated a meritorious claim for malicious prosecution, wherein the complaint, appellant stated [(1)] malice in initiating or continuing the prosecution, (2) the defendants lacked probable cause, and (3) the termination of the prosecution in favor of the appellant." Upkins asserts that he "has met the second prong that entitle[s] him to relief under the ground of civil rule 60(B)(5), because appellant never received service from the defendant of their motion to dismiss," and that his affidavit, which Defendants did not contest, "swearing to the fact is sufficient on its face to establish a civil rule 60(B)(5) relief from judgment." Finally, Upkins asserts that he filed his motion within a reasonable time.

{¶ 20} In his brief, Deputy Bubeck asserts that he was not served with Upkins's Civ.R. 60(B) motion, and that the address in Upkins's certificate of service for Brosh is incorrect, since she is employed at the Miami County Municipal Court and not the Miami County Prosecutor's Office. He asserts that Upkins "failed to both establish that he has a meritorious defense or claim to present if relief is granted and he failed to establish that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)." Bubeck argues that "the trial court did not find that its decision to dismiss Plaintiff's Complaint constituted plain error, but simply stated that 'the court should have given him time to respond to the motion for dismissal' under the Local Rules." Bubeck asserts that Upkins "could have simply appealed the trial court's original decision," and that his instant appeal fails "because a Rule 60(B) Motion for Relief from Judgment cannot be used in place of an appeal."

{¶ 21} Prosecutor Brosh also argues that Upkins "clearly had the ability and

wherewithal to file an appeal," since he filed his motion for relief from judgment 20 days after the dismissal entry was issued. She asserts that, in Ohio, "a Civil Rule 60(B) motion may not be used as a substitute for direct appeal." Finally, Brosh asserts that Upkins "has failed to plead operative facts in his complaint that would overcome [her] right to prosecutorial immunity."

**{¶ 22}** Upkins filed a reply brief, attached to which are copies of the legal mail log from the London Correctional Institution which Upkins asserts reflect mail that Upkins received from October 16, 2017 to November 25, 2017, as well as a copy of an envelope addressed to Upkins from the Prosecuting Attorney of Miami County, which reflects it was received on October 26, 2017.

**{¶ 23}** We note that Bubeck filed a motion to strike the attachments to Upkins's reply brief as outside the record, and Upkins filed a response thereto. On May 16, 2018, this Court issued a Decision and Entry, noting that Bubeck's motion to strike and Upkins's response "are TAKEN UNDER ADVISEMENT. This court will review the trial court's record that was filed in this appeal, and will not consider evidence that is not part of that record." Having undertaken such review, we conclude that the attachments to Upkins's reply are not part of the record before us, and we will not consider them. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus (appellate court may not add to the record and decide an appeal based on material that was not before the trial court.)

**{¶ 24}** As this Court has previously noted:

"Once an order has been journalized by a trial court as a final appealable order, that order cannot be modified or vacated except as

provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), or Civ.R. 60(B) (motion for relief from judgment)." *Krumheuer v. Flowers & Versagi Reporters,* 8th Dist. Cuyahoga No. 72431, 1997 WL 691169, *2, citing *In re Guardianship of Mauer*, 108 Ohio App.3d 354, 357, 670 N.E.2d 1030 (6th Dist. 1995); *Pitts v. Dept. of Transp.,* 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981); and Civ.R. 54(A).

* * *

Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *

To prevail on a Civ.R. 60(B) motion, the movant must demonstrate

that : (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

"A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffrey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). * * *

*Beyoglides v. Elmore*, 2d Dist. Montgomery No. 24905, 2012-Ohio-3979, ¶ 12-16.

**{¶ 25}** The term " 'abuse of discretion' [is] defined as an attitude that [is] unreasonable, arbitrary, or unconscionable." *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7, citing *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985).

**{¶ 26}** As this Court finally noted in *Beyoglides*:

A Civ.R. 60(B) motion may not be used as a substitute for direct appeal. *Key v. Mitchell,* 81 Ohio St.3d 89, 90–91, 689 N.E.2d 548 (1998); *Doe v. Trumbull Cty. Child. Serv. Bd.,* 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986). This court has stated that "[t]he use of Civ. R. 60(B) is generally reserved to issues that cannot be raised on appeal." *Burgess v. Safe Auto,* 2d Dist. Montgomery No. 20941, 2005–Ohio–6829, ¶ 32. Therefore, when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available. *Wozniak v. Tonidandel,* 121 Ohio App.3d 221, 228, 699 N.E.2d

555 (8th Dist.1997).

> \* \* \* "A Civ.R. 60(B)(5) motion for relief from judgment may not be used as a substitute for a direct appeal from the judgment challenged, *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 245, 18 O.O.3d 442, 443-444, 416 N.E.2d 605, 607, nor may it be used for, or in place of, any of the other more specific provisions of Rule 60(B). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365." *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 129, 623 N.E.2d 163, 172 (2d Dist. 1993).

*Id.* at ¶ 17-18 (holding that "Beyoglides's arguments in his motion to modify or clarify could have been the basis for a direct appeal from the original order construing the will. The trial court therefore erred when it granted relief under Civ.R. 60(B)." *Id.* at ¶ 19.).

**{¶ 27}** We agree with Defendants that the propriety of the dismissal of Upkins's complaint should have been raised on direct appeal.[2] Accordingly, Upkins's assigned errors are overruled, and the judgment of the trial court denying his motion for relief from judgment is affirmed.

. . . . . . . . . . . . .

---

[2] We note that Civ.R. 58 provides: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in the manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." App.R. 4(A)(3) provides that "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."

HALL, J., concurs.

FROELICH, J., concurring:

{¶ 28} The error claimed by the Appellant – that he did not have the opportunity to respond to the motion to dismiss and/or that there were no grounds to grant the motion – are, if true, apparent on the record. The Appellant could have filed (and, as pointed out by the majority, still could file) an appeal. Therefore, under the unique facts of this case, Civ.R. 60(B)(5) relief was not available to the Appellant, and his post-judgment motion was appropriately denied.

Copies mailed to:

Lamone Upkins
Nicholas E. Subashi
Tabitha Justice
Melanie J. Williamson
Daniel A. Sabol
Hon. Christopher Gee