[Cite as *Upkins v. Brosh*, 2019-Ohio-732.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| LAMONE UPKINS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2018-CA-23 |
| | : | |
| v. | : | Trial Court Case No. 2017-420 |
| | : | |
| LENEE BROSH, PROSECUTOR | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of March, 2019.

. . . . . . . . . . .

LAMONE UPKINS, Inmate No. 723-308, London Correctional Institution, P.O. Box 69, London, Ohio 43140
    Plaintiff-Appellant, Pro Se

NICHOLAS E. SUBASHI, Atty. Reg. No. 0033953 and TABITHA JUSTICE, Atty. Reg. No. 0075440, 50 Chestnut Street, Suite 230, Dayton, Ohio, 45440
    Attorneys for Defendant-Appellee, Lenee Brosh

MELANIE J. WILLIAMSON, Atty. Reg. No. 0079528 and DANIEL A. SABOL, Atty. Reg. No. 0096720, 7775 Walton Parkway, Suite 200, New Albany, Ohio 43054
    Attorneys for Defendant-Appellee, J.J. Bubeck

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the September 26, 2018 pro se Notice of Appeal of Lamone Upkins. Upkins appeals from the dismissal of his complaint for malicious prosecution, which was filed against Miami County Municipal Court Prosecutor Lenee Brosh and Miami County Deputy Sheriff J.J. Bubeck ("Defendants"). For the reasons that follow, the judgment of the trial court is reversed, and this matter will be remanded.

{¶ 2} Upkins filed his "Complaint 42. U.S.C. § 1983" in the Miami County Common Pleas Court on October 16, 2017. We summarized its contents in *Upkins v. Brosh*, 2d Dist. Miami No. 2018-CA-2, 2018-Ohio-2971, ¶ 2, as follows:

> * * * The complaint provided, "This is a claim of malicious prosecution." It further provided that, on January 22, 2016, Bubeck stopped Upkins as he was walking at the corner of Hetzler Road and County Road 25A in Piqua, questioned him, placed him in handcuffs, and arrested him for an active Montgomery County warrant. The complaint alleges that Bubeck then proceeded to Upkins's vehicle, which he searched without Upkins's permission. According to the complaint, after "illegally obtaining what Deputy Bubeck[ ] believed was drug paraphernalia," Bubeck "proceeded to try and get the Plaintiff to take a field sobriety test, and a breath test," which Upkins refused. Upkins alleged that he was charged with "OVI-Drugs and Alcohol and DUS-Driving Under Suspension." Upkins stated that he was "incarcerated within the Miami County Jail from January 22, 2016, up to February 4, 2016, [sic] the date upon which the Plaintiff had

to pay a high bond for such misdemeanor charges after Montgomery County dropped the warrant in Dayton, Ohio, from a 2009 traffic violation." Upkins asserted that Bubeck "knew his actions would ignite the Miami County Prosecuting Office to begin its malicious prosecution of a case that had neither probable cause [n]or justifiable standings in criminal law." Upkins further alleged that Brosh "acted with malice while instituting or continuing the prosecution" and that Brosh attempted "to achieve a guilty plea by way of a dishonest purpose." Upkins sought $582.65 "for bail money lost in malicious prosecution," as well as $10,000.00 in punitive damages and $10,000.00 in compensatory damages "for stress and duress."

{¶ 3} On October 19, 2017, Defendants filed their motion to dismiss. The motion asserted that the court "lack[ed] jurisdiction in order to proceed on the Plaintiff's Complaint as a matter of law. As a result, the State respectfully requests that the Plaintiff's Complaint be summarily dismissed on those grounds." On October 24, 2017, the court granted the motion to dismiss without analysis; the entirety of its entry provided: "Upon motion of the State, and for good cause shown, the Motion to Dismiss filed by the Miami County Prosecutor in this matter, is hereby granted."

{¶ 4} On November 13, 2017, Upkins filed a pro se motion for relief from judgment, along with an affidavit. On the same day, he filed a motion to amend his complaint, along with an affidavit. The trial court denied the motion for relief from judgment on January 12, 2018. On Upkins's appeal of the January 12th judgment, this Court determined that "the propriety of the dismissal of Upkins's complaint should have been raised on direct appeal" and affirmed the judgment of the trial court on his motion for relief from judgment.

*Upkins v. Brosh*, 2d Dist. Miami No. 2018-CA-2, 2018-Ohio-2971, ¶ 27. This Court further noted that Upkins could still appeal from the dismissal of his complaint, because the trial court apparently had not complied with Civ.R. 58[1]. *Id.* at ¶ 27-28 and fn. 2.

{¶ 5} On August 10, 2018, Upkins filed a pro se "Motion to Order Clerk to Serve Final Order" in accordance with this Court's decision in *Upkins.* On the same day Upkins filed a "Motion for Reconsideration" of the dismissal. On September 12, 2018, the trial court overruled the motion for reconsideration and issued an order that provided: "The clerk is directed to serve upon all parties not in default for failure to appear notice of the attached judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket." The order appears to have been served the same day, and Upkins filed a timely notice of appeal.

{¶ 6} Upkins asserts two assignments of error, which we will consider together. They are as follows:

> THE TRIAL COURT ERRED BY GRANTING DEFENDANTS-APPELLEES['] MOTION TO DISMISS WITHOUT GIVING PLAINTIFF-[APPELLANT] AN OPPORTUNITY TO RESPOND TO SAID MOTION AS

---

[1] Civ.R. 58 provides: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in the manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." App.R. 4(A) provides that "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run when the clerk actually completes service."

THE MIAMI COUNTY LOCAL RULE 3.03 MANDATES.

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO DISMISS THAT WAS NOT PROPERLY BEFORE THE TRIAL COURT WHERE SAID MOTION FAILED TO BRIEF SPECIFIC AND SUFFICIENT GROUNDS FOR DISMISSAL.

{¶ 7} The Defendants each argue in their briefs that Upkins's complaint failed to state a claim upon which relief could be granted. Brosh asserts that Upkins "failed to allege operative facts to overcome prosecutorial immunity, and his claims against [her] were properly dismissed." Bubeck also asserts that Upkins failed "to allege facts sufficient to overcome qualified immunity."

{¶ 8} Loc.R. 3.03 of the Miami County Common Pleas Court governs in part the submission of motions and provides:

All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. The opposing counsel or parties may file answer briefs or memoranda by the fourteenth day after the day on which the motion was filed. On the twenty-first calendar day after the original motion was filed, the motion shall be submitted to the Judge to whom the case is assigned. This rule shall apply to all motions except as otherwise provided herein. The clerk is ordered not to accept for filing motions not in conformance with this rule. * * *

{¶ 9} Further, Civ.R. 6 provides: "Unless otherwise provided by these rules, by local rule, or by order of the court, a response to a written motion * * * shall be served within fourteen days after service of the motion, and a movant's reply may be served

within seven days after service of the response to the motion."

{¶ 10} Pursuant to Loc.R. 3.03, the motion to dismiss was not subject to acceptance for filing by the clerk in the first instance, since the Defendants' motion was not accompanied by a brief or memorandum stating the grounds for the motion, and it failed to cite authorities relied upon in support of the jurisdictional argument. The trial court dismissed the complaint, without rationale, prematurely, and without allowing Upkins the opportunity to respond. "Parties may reasonably rely upon a trial court's following its local rules of court. * * * ." *Wagner v. Miami Cty Bd. of Zoning Appeals*, 2d Dist. Miami No. 2003-CA-19, 2003-Ohio-4210, ¶ 13. Therefore, we conclude that the trial court erred in summarily dismissing Upkins's complaint. We will not address whether or not Defendants are entitled to immunity for the first time on appeal.

{¶ 11} For these reasons, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Lamone Upkins
Nicholas E. Subashi
Tabitha Justice
Melanie J. Williamson
Daniel A. Sabol
Hon. Stacy M. Wall